IDA BODIN and Another, Appellants, v. BISHOP, McCORMICK & BISHOP and CLAUDE M. SEITZ, Respondents.

First Department, May 28, 1937.

*August P. Klein* [*Joseph E. Kinsley* and *Robert G. Sheller* with him on the brief; *Barry & Sheller*, attorneys], for the appellants.

*Joseph F. Hanley* of counsel [*Leo M. Brimmer*, attorney], for the respondents.

GLENNON, J. Three causes of action are set forth in the complaint. The plaintiff Ida Bodin sued to recover damages for personal injuries which she sustained while she was a passenger riding in the automobile truck driven by her husband, Emil P. Bodin. The latter, for a first cause of action, sought a recovery for the loss of services of his wife, and for a second cause of action asked for compensation for damages to his truck. The defendants denied any responsibility. The case was tried before a court and jury and resulted in a verdict in favor of the defendants.

We believe the jury was justified fully in rendering a verdict against the plaintiff Emil P. Bodin on both of his causes of action. The evidence adduced upon the trial indicates that he was not only guilty of contributory negligence, but, in addition thereto, was in all probability solely responsible for the accident which happened. As a consequence, the judgment as to him must be affirmed in all respects.

In so far as Ida Bodin is concerned, we believe it is necessary to order a new trial based solely upon an error of law which is to be found in the charge of the court. It reads as follows: " Mr. Barry: I respectfully except to that portion of your Honor's charge which stated that there can be no recovery if both drivers were negligent, and I ask the Court to charge that the negligence of Mr. Bodin, if any, cannot be attributed to Mrs. Bodin who was a passenger in the truck, unless she consented or assented to that negligence. The Court: Well, you allege in your complaint that the accident took place solely and only because of the negligence of the defendant. Mr. Barry: Very true. The Court: And because of that allegation your request to charge is refused. Mr. Barry: I respectfully except."

The court apparently overlooked the fact that Ida Bodin as a passenger was not responsible for the negligent operation of the truck by her husband " unless she consented or assented to that negligence." (*Michelson* v. *Stuhlman*, 272 N. Y. 163.) We cannot say that she was guilty of contributory negligence as a matter of law. If the request as framed had been granted, the probabilities are, that the same result would have obtained.

The apparent attempt on the part of the plaintiffs to bolster up Ida Bodin's damages by incredible medical testimony undoubtedly swayed the jury in its determination of the facts in this case.

The damages to which she would have been entitled as a result of the accident, if the defendants were negligent and she were free from contributory negligence, could have been ascertained readily in the Municipal Court where the case should have been tried in the first instance.

We have concluded, therefore, that the judgment for defendants against the plaintiff Emil P. Bodin on both causes of action should be affirmed, with costs, the action severed, the judgment against p'aintiff Ida Bodin reversed and a new trial ordered as to said plaintiff, with costs to the said appellant to abide the event.

MARTIN, P. J., O'MALLEY, TOWNLEY and UNTERMYER, JJ., concur.

Judgment entered in favor of the defendants against the plaintiff Emil P. Bodin on both of his causes of action unanimously affirmed, with costs, the action severed, and the judgment against plaintiff Ida Bodin reversed and a new trial ordered as to said plaintiff, with costs to the said appellant to abide the event.