## OTTO v WHEARTY

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17371.   Decided Jan. 22, 1940.

Sims & Rich, Cleveland, for plaintiff-appellee.

Moran & Craig, Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

This is an appeal from a judgment of the Conciliation branch of the Municipal Court of Cleveland.

The facts in this case are not in dispute.  On the afternoon of February 27, 1939, the defendant, driving south on West 117th Street in the City of Cleveland, approached the intersection of that street with Berea Road. While the defendant was between one hundred and fifty and two hundred feet distant from the intersection the traffic signal became green for cars driving south on West 117th Street, and red for cars traveling on Berea Road.  The defendant, relying upon the traffic light showing green, continued through the intersection until he collided with the car driven by the plaintiff at a point directly under the traffic light.  The plaintiff was proceeding in a funeral procession which at the time was headed toward a church where funeral services were to be held before proceeding to the burial ground.  At least one car in the funeral procession, preceeding the car driven by the plaintiff, also crashed the red traffic light.  At this intersection there is a wall which made it difficult for a car going south on West 117th Street toward the intesection to see a car approaching the intersection on Berea Road from the southwest.  Defendant testified that he did not see the funeral tag which was displayed on the windshield of the plaintiff's car and he did not see that the plaintiff's car was in a funeral procession.

No policeman was stationed at the intersection to warn cars on West 117th Street that a funeral procession was proceeding through the intersection on Berea Road.

A jury having been waived, the trial court held that §2445-4 of the Municipal Code of Cleveland gave the plaintiff's car the absolute right of way through the intersection, because it was being driven in a funeral procession, irrespective of the condition of the traffic light, and that therefore,

"the defendant was guilty of negligence since he had the duty to yield the right of way to the funeral procession whether he knew it was a funeral procession or not."

Section 2445-4 of the Municipal Code of Cleveland is as follows:

"RIGHT OF WAY OF FUNERAL PROCESSIONS: All motor vehicles forming a funeral procession, when going to any place of burial, shall have the right of way over all other vehicles, except authorized emergency vehicles, at any street or highway intersection provided that each vehicle in such funeral procession shall have conspicuously displayed on the front thereof a suitable sign of the form and design approved by the Commissioner of Traffic."

Sec. 6310-35, GC, is as follows:

"Pedestrians and drivers of vehicles shall obey and abide by all signals, signs, whistles and directions of police officers, and shall obey all automatic traffic signals."

The question in this case is whether or not the above §2445-4 of the Municipal Code of Cleveland, insofar as it applies to street intersections having traffic lights, is in conflict with §6310-35 GC, under Art. XVIII, Sec. 3 of the Constitution of Ohio, which grants municipalities,

"authority to exercise all powers of local self-government and to adopt and enforce, within their limits, such local police, sanitary and other similar regulations as are not in conflict with general laws."

Village of Struthers v Sokol, 108 Oh St 263, Syllabus 2, is as follows:

"In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."

For this reason, an ordinance of a municipality which prescribes a manner of driving or rate of speed of automobiles, in conflict with the provisions of the general law, has been held to be invalid. Schneiderman v Sesanstein, 121 Oh St 80. This case was approved and followed in Schwartz, Admrx., appellee v Badila Jr, et, appellants, 133 Oh St 441.

It is not negligence for a person entering a street intersection with the "go" traffic signal, to rely upon all persons from a cross street, who are not at the time in the intersection, observing the "stop" signal, so long as it is against them. Cleveland Railway Company v Goldman, 122 Oh St 73.

One seated in an automobile, who instructs the driver to proceed across a street intersection with the traffic signal in his favor, is entitled to rely upon the observance of the signal by all persons against whom the signal is operating. Henderson v Cleveland Railway Company, 123 Oh St 468.

The effect of §2445-4 of the Municipal Code of Cleveland, as construed by the trial court, is to introduce an exception to §6310-35, GC, not found in the section itself. If §2445-4 of the Municipal Code of Cleveland is a valid ordinance, and is held to apply to all street intersections in Cleveland, including those having traffic lights, then §6310-35 GC must be construed to mean that drivers of vehicles "shall obey all traffic signals" with the exception that such drivers in a funeral procession in Cleveland are privileged to disregard the statute of the State. There is no such exception stated in §6310-35 GC, or in any other section of the General Code of Ohio so that §2445-4 of the Municipal Code of Cleveland, insofar as it applies to street intersections with traffic signals, is squarely in conflict with §6310-35 GC.

For the reasons given above, it is the opinion of the majority of this Court that this case should be reversed and final judgment entered for the defendant-appellant.

TERRELL, PJ., concurs.

LIEGHLEY, J., dissents.