Henry Ferraro and Others, Appellants, Impleaded with Florence Kopelman, an Infant, by Tillie Kopelman, Her Guardian ad Litem, Plaintiff, *v.* Garden City Park Fire Commissioners and Anthony Kozyrski, Respondents.

First Department, March 15, 1940.

*Samuel L. Sargent* of counsel [*Solomon C. Stember* with him on the brief; *Samuel L. Sargent* and *M. Samuel Lane,* attorneys], for the appellants.

*H. H. Brown* of counsel [*James E. Turner,* attorney], for the respondents.

Dore, J. This action was brought to recover damages for personal injuries sustained by six plaintiffs in a collision between a Dodge sedan automobile, in which they were riding as passengers, and a fire truck owned by defendants Garden City Park Fire Commissioners and driven by defendant Kozyrski. Another plaintiff, Simonelli, driver of the Dodge car, also sought damages for the destruction of the car as well as for personal injuries. The collision

occurred on Labor Day, September 2, 1935, about twelve-thirty P. M., at the intersection of Jericho turnpike and Old Country road, Garden City Park, Long Island. The Dodge was going east along the four-lane Jericho turnpike; the fire truck, north on the Old Country road. The jury found a verdict in defendants' favor.

Each side claimed that the traffic light was green in its favor. Plaintiffs also adduced some testimony which at least raised an additional issue, viz., whether the fire truck made a short left turn from Old Country road into Jericho turnpike, cutting the corner to the left of the center of the intersection. The trial court charged that the driver who had the green light in his favor did not cause the accident but the driver who went against the red light did cause the accident; that if Simonelli, the driver of the Dodge, was negligent his negligence caused the accident, and the passengers in that car would have a case against him but not against the defendants; and he refused to charge, at the request of plaintiff's counsel, that if the jury found from the evidence that Simonelli was negligent, his negligence was not imputable to the passengers in his car, but, on the contrary, again charged that, if Simonelli was negligent, his negligence caused the accident and was imputable to all plaintiffs who were passengers in the car, "because if his negligence caused the accident, the negligence of the truck did not cause the accident." The court also refused to charge that, if the jury found both the operator of the fire truck and the driver of the Dodge negligent, the plaintiffs (obviously referring to the passengers), if they exercised care, were entitled to a verdict against defendants. We think the charge was erroneous and requires a reversal of the judgment in defendants' favor.

It is urged that the charge can be justified on the peculiar facts of this case, in that this accident must have been caused by the driver who had the red light against him; that the jury could not accept both versions but must accept one and reject the other and could not infer negligence on the part of both drivers; and that, therefore, the issue of imputable negligence was irrelevant. But there was some evidence that both drivers were negligent, and that the negligence of both concurred to cause the accident. Indeed, the learned trial court at another place in his charge, had correctly instructed the jury that the driver who had the light in his favor was not absolutely entitled by that fact alone to go forward if he knew that by so doing an otherwise avoidable accident would happen, and that the fundamental obligation of using ordinary and reasonable care applied. If both drivers were negligent and their negligence concurred to cause the accident, the

passengers in the Dodge car, if not guilty of contributory negligence, could sue either or both and would not be deprived of recovery against the one sued merely because both were at fault. (*Michelson* v. *Stuhlman*, 272 N. Y. 163; *Bodin* v. *Bishop, McCormick & Bishop*, 251 App. Div. 303.)

The court also refused to charge the jury that subdivision 2 of section 81 of article 6 of the Vehicle and Traffic Law provides that the operator of a vehicle "before turning left at an intersection shall pass to the right of the center of the intersection," the learned court stating it was the law but had nothing to do with this case. We think the statute was relevant and the court should have charged that, if the jury found it was violated and the violation caused or contributed to cause the accident, it was evidence of negligence on the part of the driver of the truck.

While the evidence amply supported the verdict for the defendants, we feel constrained to reverse the judgment and order a new trial as we deem the errors referred to material and prejudicial.

For the reasons stated, the judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.