Rinkes, Appellant, *v.* Tyler, Appellee.

(No. 1105—Decided May 18, 1949.)

*Mr. John Rossetti*, for appellant.
*Messrs. Weygandt & Ross*, for appellee.

DOYLE, J.   This appeal is from a judgment for the defendant, rendered upon the verdict of a jury, in an action for damages growing out of the collision of two automobiles at a street intersection in the city of Wooster.

There is evidence tending to prove that the defendant drove his car south on Bever street toward its intersection with Larwill street; that at the same time the plaintiff, a part of a three-vehicle funeral procession, approached the same intersection from the west on Larwill street; that the lead funeral car and the hearse passed safely through the intersection, but the third car, driven by the plaintiff and approximately 40 feet behind the hearse, was struck within the limits

of the intersection by the car of the defendant as it proceeded south on Bever street into the said area.

The city of Wooster had designated, by ordinance, Bever street as a "main thoroughfare," and had designated Larwill street, as it intersected Bever street, as a "stop" street. And, in compliance with the ordinance, there was duly erected "stop signs" on Larwill street at the said intersection. This ordinance is in compliance with the provisions of Section 6307-63 (b) and (c), General Code. Under paragraph (d) of the statute, it is provided that "every operator of a vehicle * * * shall stop at such sign * * * before entering an intersection except when directed to proceed by a police officer or traffic-control signal."

The evidence shows that the plaintiff drove past the stop sign and into the intersection without stopping, with the excuse that she was in a funeral procession; the defendant testified that he saw the hearse in the intersection, but did not see the car ahead of the hearse, nor plaintiff's car, following the hearse, until it was too late for him to avoid a collision.

"Q. How far were you away from the intersection * * * when you first noticed the hearse? A. I can't say how far—I would say perhaps a little over a hundred feet * * *.

"Q. Did you see the car behind the hearse? A. No.

"Q. Did you see it at any time? A. When it came out in front of me. * * *

"Q. Did you see this car [plaintiff's car]? A. I didn't know this was a funeral car.

"Q. You knew it was a funeral car? A. I didn't know at that time. No, I say this hearse was quite a little ways ahead of this car and this car came up to Bever street, it didn't stop and it came on out and I could not get stopped.

"Q. Did you swerve your car either right or left?

A. I swerved to the left to try to get past. * * *

"Q. Where was the Rinkes [plaintiff's] car when you first saw it? A. On Larwill street, just about the stop sign.

"Q. You could see it from around that house? A. From the north, I saw it there. I supposed it would stop and it didn't, and it was too late for me to get stopped."

The evidence indicates that the defendant drove his car at a reasonable and lawful rate of speed as he approached the intersection, and under the law had the right of way through the intersection unless, as is claimed by the appellant, an ordinance of the city of Wooster qualifies or supersedes the Uniform Traffic Act of the state and makes an exception in respect to funeral cars following one another in a procession, and, under such circumstances, qualifies the rights of persons proceeding into an intersection on a "main thoroughfare." The ordinance in question is as follows:

"Sec. 441. Driving through processions. No person shall drive a vehicle through a procession, except with the permission of a police officer, provided, however, that this shall not apply to drivers of fire apparatus, police vehicles and ambulances."

Error is directed to the refusal of the court to allow the jury to apply the ordinance to the facts presented.

1. Section 6307-7, General Code, a part of the Uniform Traffic Act, provides, in part:

"The provisions of this act shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from—* * *

"3. Regulating or prohibiting processions or assemblages on the highways * * *."

This part of the traffic act must be read and applied

in connection with another section of the Code (Section 6307-6), which is as follows:

"The provisions of this act shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any rule or regulation in conflict with the provisions of this act unless expressly authorized herein."

These two Code sections are *in pari materia*, and, of course, must be construed to mean that it is unlawful for a municipality to enact an ordinance in conflict with general statutory laws unless such general statutory laws "expressly authorize" such conduct. Stated conversely, the police power of a municipality is expressly limited to the enactment of legislation which is not in contravention of the general statutory law of the state.

The statutes here under discussion must also be read in the light of Section 3, Article XVIII, Constitution of Ohio (Home Rule Amendment), which appears in the following language:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, *as are not in conflict with general laws*." (Italics ours.)

See 8 Ohio Jurisprudence, Constitutional Law, Section 247, and cases therein cited.

This Uniform Traffic Act, as adopted in this state, does not exempt, nor does it expressly authorize exemption by municipal ordinance of, a funeral procession, or vehicles used in such procession, from the traffic regulations applicable to the general public; and a municipal ordinance designed to create such exemption is in conflict with general laws, and is invalid.

We determine that the authority given by statute (Section 6307-7 3, General Code, *supra*), to a municipality to regulate or prohibit processions or assemblages on the highways, is not authority to legislate an exemption to such groups from obeying the Uniform Traffic Act, nor is it authority for legislation prohibiting other travelers on the highway from the full enjoyment of the general statutory laws regulating traffic.

In consideration of the ordinance under review, we indulge the presumption that the city council had no such intention when the law was enacted, and that it was intended to apply only to situations in which it did not come into conflict with the uniform law of the state.

We find no error in the refusal of the trial court to allow the ordinance to be used as a predicate for negligence, under the circumstances of this case.

We have been referred to the case of *Otto* v. *Whearty*, 63 Ohio App., 495, 27 N. E. (2d), 190. We agree with the conclusions therein reached.

We observe, however, that the case was decided prior to the adoption of the present Uniform Traffic Act, which act, of course, was in effect at the time the case here under consideration arose.

2. It is further claimed by the appellant that the court committed prejudicial error in the charge to the jury.

Our examination of the record reveals no error of a prejudicial character in the court's charge on the claimed negligence of the defendant as a proximate cause of the collision and damage. We do, however, find an erroneous statement in the charge on the question of contributory negligence. Under these circumstances, we find it our duty to apply the two-issue rule. The rule, so far as applicable to this case, may

be stated as follows: Where the issues of negligence of the defendant and proximate cause are correctly submitted, and error occurs only in the submission of the issue of contributory negligence, a verdict for defendant will stand, in the absence of a showing that the verdict was based upon the issue erroneously submitted, since otherwise the verdict may have rested on a finding on an issue correctly submitted. *Bush, Admr.,* v. *Harvey Transfer Co.,* 146 Ohio St., 657, 67 N. E. (2d), 851, and cases therein cited.

We find none of the errors charged to be of a nature prejudicial to the rights of the appellant.

The judgment will therefore be affirmed.

*Judgment affirmed.*

Stevens, P. J., and Hunsicker, J., concur.