HANS HARNIK et al., Respondents, *v.* SAMUEL R. LEVINE, Appellant.

Supreme Court, Appellate Term, First Department, July 10, 1952.

*Norman Handel* and *Samuel Gutterman* for appellant.

*Hans Harnik,* respondent in person and for Edith B. Harnik, respondent.

*Per Curiam.* The complaint alleges that the male plaintiff parked his car alongside the curb on the easterly side of Park Avenue between East 76th and East 77th Streets on April 25, 1951, at about 8:40 P.M.; that he was accompanied by his wife, the other plaintiff; that when the plaintiffs returned to the car at about 9:30 P.M. they were unable to move the car because the defendant had parked his car alongside the plaintiff's car further from the curb. The complaint alleges that the plaintiffs were unable to leave until the defendant returned and moved his car, as a result of which they suffered discomfort and inconvenience.

It appeared from the complaint that the defendant was a physician. The court below upheld the sufficiency of the complaint in view of the fact that double parking constituted a violation of subdivision (o) of section 10 of the New York City Traffic Regulations, and thus the double parking of defendant's car created an obstruction on the public highway in the nature of a nuisance.

At the trial the plaintiffs sued for only nominal damages and the trial court awarded them judgment for six cents. At the trial the defendant produced testimony establishing that the place he double-parked his car was in front of the Lenox Hill Hospital; that he had been called to see a sick patient in the hospital; that he had driven around the block looking for a place to park alongside the curb without finding one; and that he finally decided to double park.

The defendant relies upon the provision of section 14 of the Traffic Regulations which states that a physician is permitted to leave his car " on the street in front of hospitals, clinics and premises wherein actually attending a patient, *for such length of time as may be necessary for that purpose* ". (Italics supplied.)

In our opinion, this provision was not intended to permit a physician to violate subdivision (o) of section 10 which prohibits double parking. It was obviously intended merely to except physicians, in the circumstances referred to in section 14, from the time limits upon single parking imposed by subdivisions (a), (b) and (c) of section 10. Subdivision (a) of section 10 imposes a one-hour limit on single parking between 7:00 A.M. and 12:00 midnight. Subdivision (b) of section 10 imposes a two-hour limit in certain designated parking spaces. Subdivision (c) imposes a three-hour limit between 12:00 midnight and 7:00 A.M. All that section 14 was intended to do, as the italicized language from the quotation indicates, was to exempt doctors from these time limits while single parking in front of hospitals, clinics and premises where actually attending patients. To adopt defendant's construction that section 14 permitted him to double park would, if carried to its logical conclusion, permit him to triple park or quadruple park and block up a street or avenue entirely. That could not have been the intention of section 14.

Appellant also argues that there can be no recovery for discomfort and inconvenience, etc., without direct physical injury. In our opinion, the double parking in violation of the Traffic Regulations constituted a public nuisance entitling the plaintiffs, who could not extricate the car, to a recovery of at least nominal damages, which was all that the court awarded them. This is a financial loss similar to that recoverable when one wrongfully detains the property of another. It is to be distinguished from damages sought for mental suffering or injured feelings.

The question of whether they would be entitled to substantial damages is not presented for determination.

The judgment and order should be affirmed, with $25 costs.

EDER, J. (dissenting). I do not see that either of the plaintiffs has suffered any recoverable damage.

Plaintiff husband is the owner of an automobile which he parked alongside the curb. Defendant is also the owner of a car which he in turn parked alongside plaintiff's car. As a consequence, when plaintiff, who was accompanied by his wife

(a coplaintiff), sought to leave in his car, he was unable to do so; he could not move his car because of defendant's car being double parked alongside plaintiff's car, making it impossible for plaintiff to pull away from the curb. Plaintiff was therefore unable to move his car and drive away until defendant returned and drove away.

Plaintiffs maintain that defendant's act in double parking his car created and constituted a nuisance and entitled them to recover damages for resulting discomfort and inconvenience. It is not claimed plaintiff's car sustained any damage nor is it claimed plaintiffs suffered any personal physical injury. The action herein is predicated on the theory of nuisance. The complaint alleges that because of defendant's said act plaintiffs were unable to leave until defendant returned and moved his automobile and plaintiffs were " thereby caused *discomfort and inconvenience* " and damages in the sum of $25. The court below awarded six cents damages.

Assuming, *arguendo,* upon the facts stated, a cause of action to recover damages is maintainable, I am unable to see that plaintiff wife has any cause of action at all. She was merely an accompanist. It was the use of his, the husband's property that was interfered with. If any cause of action exists, it is exclusively his. I fail to perceive upon what theory an accompanist has any cause of action. No case is cited which permits such an action, nor has independent legal research disclosed any. The cause of action by the wife should, in any event, have been dismissed.

As mentioned, the cause of action of plaintiff husband is based on the theory of damage sustained through defendant's act in maintaining a nuisance, with no claim made that any physical injury or damage resulted but only discomfort and inconvenience was caused thereby. Discomfort, inconvenience, annoyance, are forms of mental suffering (*Dallas Tel. Co.* v. *Oak Cliff Transfer & Stor. Co., 270* S. W. 577, 578 [Texas]) for which a recovery in damages is not permissible, unless in some way associated with physical injury or damage (46 C. J., Nuisances, § 502, p. 827; 66 C. J. S., Nuisances, § 174, p. 977). In *Comstock* v. *Wilson* (257 N. Y. 231, 235) the court points out that " Mental suffering or disturbance, even without consequences of physical injury, may in fact constitute actual damage; nevertheless the courts generally do not regard it as such damage as gives rise to a cause of action, though it be the direct result of the careless act."

Plaintiffs have no cause of action upon the facts disclosed.

The judgment should be reversed and the complaint dismissed.

HOFSTADTER and SCHREIBER, JJ., concur in *Per Curiam* opinion; EDER, J., dissents in opinion.

Judgment and order affirmed.