THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ERIC C. RESSANEN, Defendant.

City Magistrate's Court of the City of New York, Borough of Queens, Traffic Court, August 8, 1952.

No appearance for plaintiff.

*Henry W. Schober* for defendant.

DEL GIORNO, M. To the court this case seems very simple. The defendant rested his case on the testimony of the officer who testified that the defendant parked his truck on the roadway side of other vehicles parked at the curb. For this offense the officer gave the defendant a summons charging him with " double " parking in violation of subdivision (o) of section 10 of article 2 of the Traffic Regulations established by the commissioner of traffic of the city of New York. There is no doubt that such parking was only for the purpose of delivering merchandise. Whether or not there was space enough to pull in the truck to the curb is not a necessary or material element to help us arrive at a decision herein, even though such contention has been raised by the defendant.

Substantially, the defendant claims that such parking did not constitute double parking, that the circumstance here involved is excluded from the provisions of the Traffic Regulations. As a matter of fact the defendant claims affirmatively that double parking is properly prohibited " except when the vehicle is actually and expeditiously engaged in loading or unloading merchandise."

This contention bears no relationship to the simple but express provisions of the Traffic Regulations. To agree with it would be to deliberately subvert the very reasons for the promulgation of the Traffic Regulations. The express provisions of the regulations completely prohibit all double parking without exception, except under circumstances beyond the normal control of a vehicle, such, for example, as permitting an emergency vehicle to pass safely, or upon order of a police officer, etc.

In his brief the defendant has recourse to subdivision 17 of section 1 of article 1 of the Traffic Regulations as his basis for argument. That section does not apply in the instant case. That applies only to " single " parking. The section which applies is the one upon which the charge herein was brought, namely, subdivision (o) of section 10 of article 2 which provides that " No person shall park a vehicle * * * On the roadway side of any vehicle stopped or parked at the edge or curb of a street." In section 13 of article 2 there is provided a mandatory rule of conduct for every driver for the very purpose of

providing space at the curb for trucks and vehicles carrying passengers. The section provides "The driver of a vehicle stopped or parked at the curb shall promptly give way to another vehicle arriving to take on or set down passengers or merchandise."

It seems to the court that the traffic commission is fully alive to the problem created every day, and, one might say, every hour, by the unparalleled amount of vehicular traffic in all of the streets and avenues of the city of New York. The commission knows, as we all do, that drastic changes in the physical aspects of our city may be the only way by which to eliminate the constant traffic jams which too often strangle the arteries of our great local commerce which is the very life blood of the city of New York. However, a solution along these lines is not the concern of the traffic commission but is a proper subject for the city planning commission, engineers and architects.

In the meantime, the traffic commission must necessarily apply its regulations to the conditions which it finds within the city. The rules promulgated by it are plain, simple and direct. It has prohibited double parking as we held above, and with a very good reason, even though at times such prohibition does work definite hardship on a truck driver. Whoever has eyes must see for himself that double parking constitutes one of the greatest hazards to the flow of traffic and a constant danger to our lives and limbs. Too often, to pass a large double parked truck, or even a passenger vehicle, a driver is compelled to drive at least half way over the center line of a street, and many times completely in the opposite lane. One can well visualize the serious accidents which may and will occur unless this newest of traffic evils is ruthlessly suppressed.

For that reason, in subdivision (j) of section 10 of article 2, a truck is permitted to park at the curb in a bus stop or taxicab stand for the purpose of loading or unloading merchandise (expeditiously).

Subdivision 17 of section 1 of article 1, which the defendant in his argument uses as his shield of defense as well as sword of attack, is not applicable, in the humble opinion of the court, to the instant case. That section, as previously stated, refers to parking or the legal excuse thereof, against the curb and not to double parking alongside of another vehicle already parked at the curb.

In other words, the law does not consider a person guilty of parking if he parks or stops his commercial vehicle in a bus

stop, or a taxicab stand, or in a restricted area, for the purpose of expeditiously loading or unloading merchandise. I can find no other exceptions where double parking which is created by the voluntary act of the driver is permitted under the rules. For that reason, I find the defendant guilty as charged.