ARCHIE SALSBURY, Plaintiff, *v.* UNITED PARCEL SERVICE INC.,
Defendant.

Municipal Court of the City of New York, Borough of Manhattan,
March 23, 1953.

*S. Sawyer Le Vay* for plaintiff.

*John P. Smith* and *Vincent Gurahian* for defendant.

STARKE, J. Plaintiff sues for property damage to his automobile which occurred when his wife attempted to drive through a space to the left of the defendant's double-parked truck.

The accident took place on September 18, 1952, at about 11:30 A.M., on West 87th Street, between West End Avenue and Riverside Drive, in the borough of Manhattan. This is a one-way street going west. There were cars parked on both sides of the street. The defendant was double-parked, by necessity, in order to make deliveries of goods in the course of its business. The truck at all times remained stationary.

The testimony differs as to how close the truck was parked to the parked cars on the right. Plaintiff's wife testified she waited about five minutes before proceeding and sounded her horn while other cars behind her also sounded their horns in an effort to have the defendant's truck moved so that traffic could continue. Then, with the assistance of some bystanders, she tried to get through the space. In so doing, the plaintiff's front right fender came into contact with a piece of metal strip extending one inch from the left rear side of defendant's truck.

This court is indeed mindful of the fact that the present parking situation in New York City creates an exceedingly difficult problem for delivery trucks to make their deliveries without double parking. However, the Traffic Regulations do not exempt trucks. All double parking is expressly prohibited except to permit an emergency vehicle to pass safely, or upon order of a police officer, etc. The regulations do not exclude a truck from double parking even when it is actually and expeditiously engaged in loading or unloading merchandise (*People* v. *Ressanen,* 203 Misc. 167).

Double parking is a violation of an ordinance not a statute, and as such is not negligence *per se* but is deemed " evidence " of negligence. The violation of an ordinance may establish either a *prima facie* or a conclusive cause of action, dependent upon the facts and circumstances of the case (*Martin* v. *Herzog,* 228 N. Y. 164). There must be, however, a logical connection between the proven neglect of the statutory duty and the alleged negligence (*Brown* v. *Shyne,* 242 N. Y. 176; *Corbett* v. *Scott,* 243 N. Y. 66). Even where an ordinance is deemed to be applicable to the facts of a particular case, it must still be shown that its violation was the proximate cause of plaintiff's injury (*Swift* v. *City of New York,* 270 N. Y. 162; *Walther* v. *News Syndicate Co.,* 276 App. Div. 169; *LaRue* v. *Tiernan,* 260 App. Div. 337, affd. 285 N. Y. 550). It must be established that the violation was a proximate or direct cause of the injury. That, ordinarily, is a question of fact (*Hall* v. *Hepp,* 210 App. Div. 149; *Clark* v. *Doolittle,* 205 App. Div. 697).

It is the contention of the defendant's attorney that the plaintiff's driver was guilty of contributory negligence and that it was her poor judgment in driving which caused the damage complained of by the plaintiff, in that the plaintiff's car struck a stationary truck, and he further contends that the voluntary act of the driver of the plaintiff's car was the proximate cause of the accident. However, the plaintiff's attorney proceeds on the theory of nuisance rather than negligence and contends

therefore that the issue of contributory negligence is not presented.

Plaintiff's attorney cites the case of *Sive* v. *Newman* (N. Y. L. J., May 4, 1951, p. 1641, col. 6), wherein the Appellate Term, First Department, affirmed a judgment rendered in favor of a plaintiff who damaged his own car in attempting to get out of a parked position at the curb and struck the defendant's double-parked car. The defendant claimed he was in the refrigerator service business, and that he was answering an emergency call, and that he placed his police department emergency card on his car. There was no opinion by the Appellate Term or lower court. An examination of the record reveals that the case was tried on the theory of negligence rather than nuisance. So that the courts must have found that the plaintiff was free from contributory negligence.

In *Harnik* v. *Levine* (106 N. Y. S. 2d 460, affd. by a majority decision of the Appellate Term, 1st Dept., 202 Misc. 648) the Appellate Term held " double parking of defendant's car created an obstruction on the public highway in the nature of a nuisance." (P. 649) In that case the defendant's car was not a truck — it was a doctor's car. The doctor had double-parked in front of a hospital where he had been called to see a sick patient and had not been successful in his attempt to find a place to park at the curb. Nevertheless, the court held that the double parking was a violation of the traffic regulations and " constituted a public nuisance." It is true that the action was not for property damage. It was brought to recover for discomfort and inconvenience because the plaintiff could not extricate his car. The court allowed nominal damages, holding that the financial loss is similar to that recoverable when one wrongfully detains the property of another and distinguished the case from damages sought for mental suffering or injured feelings.

In *Hayes* v. *Brooklyn Heights R. R. Co.* (200 N. Y. 183) the court defined a public nuisance as the unlawful doing of an act or omission to perform a duty, which act or omission unlawfully interferes with or tends to render dangerous a street or highway. The weight of authority in New York appears to be that, except when the act is *malum in se,* the surrounding circumstances have a bearing upon the question (*Melker* v. *City of New York,* 190 N. Y. 481). A violation of the traffic regulations may be considered as some evidence of negligence in connection with the other facts and circumstances of the accident (*Roles* v. *John A. Schwarz, Inc.,* 244 App. Div. 729).

Ordinarily, contributory negligence is not a factor in cases of nuisance (*Francis* v. *Gaffey,* 211 N. Y. 47; *Clifford* v. *Dam,* 81 N. Y. 52; *Berl* v. *Rochester State Corp.,* 14 N. Y. S. 2d 516). However, the line between nuisance and negligence is narrow. A person may create a nuisance by leaving a wagon in the street (*McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340). Nuisance and negligence at times so nearly merge into each other that it is difficult to separate them (*Klepper* v. *Seymour House Corp.,* 246 N. Y. 85; *Hogle* v. *Franklin Mfg. Co.,* 199 N. Y. 388), and nuisance growing out of negligence is at times so combined with negligence that any attempt to separate them is a useless task (*Khoury* v. *County of Saratoga,* 267 N. Y. 384).

In *Morse* v. *Buffalo Tank Corp.* (280 N. Y. 110) the court held that where nuisance arises from negligence, contributory negligence is a defense. And in *McFarlane* v. *City of Niagara Falls* (*supra*), the court held that where a nuisance has its origin in negligence, one may not avert the consequences of his own contributory negligence by affixing to the negligence of the wrongdoer the label of a nuisance. In *Ferraro* v. *Garden City Park Fire Comrs.* (259 App. Div. 121) citing *Bodin* v. *Bishop, McCormick & Bishop* (251 App. Div. 303) the court held that providing the injured party was in no way to blame for the accident, then the violation in and of itself would constitute a basis of recovery as long as there was a direct connection between the unobservance of the law and the injury. In *McCarragher* v. *Proal* (114 App. Div. 470), the court held that while persons have a right to assume that statutes and ordinances will be observed, that does not relieve them of exercising care and caution for their own safety, and when they observe, or in the exercise of ordinary care should observe, that the statute is not being obeyed, they are not justified in proceeding and asserting their rights. And in *Hernandez* v. *Brooklyn & Queens Tr. Corp.* (284 N. Y. 535) the court held that a plaintiff cannot, by proceeding heedlessly, place upon the defendant the sole responsibility for an accident occurring through the continuing negligence of both. In *Mabs* v. *Park & Tilford* (200 App. Div. 75) the court held that an ordinance does not relieve the plaintiff from the duty of ordinary care for his own safety .

It appears therefore that in the case at bar the question of contributory negligence is a factor to be considered. However, less than ordinary care is required of the plaintiff. In the case of *Delaney* v. *Philhern Holding Corp.* (280 N. Y. 461,

465) the Court of Appeals held that where the nuisance is based on an act which is unlawful, then a jury should be charged that something more than a mere want of ordinary care on the part of the plaintiff is required to prevent recovery.

Whether the plaintiff proceeds on the theory of negligence or nuisance, this court, after weighing all the facts, is compelled to find in favor of the plaintiff. The double parking was clearly a violation of traffic regulations and was prima facie evidence of negligence. It constituted a public nuisance. The continued illegal parking was the proximate cause of the accident (*LaRue* v. *Tiernan,* 260 App. Div. 337, affd. 285 N. Y. 550, *supra*). The plaintiff was free from contributory negligence because she proceeded with care and caution and exercised that amount of care required of the ordinarily reasonably prudent person under the same circumstances. Thus, this court has fully considered all the surrounding facts and circumstances bearing on the case and has treated this case as if it were tried solely on the nuisance theory.

Judgment for the plaintiff in the sum of $80. Ten days' stay of execution.