# Richmond

JEANNE PAIGE v. KATHARINE DURANT EDGAR.

June 16, 1969.

Record No. 6952.

Present, All the Justices.

*James C. Cacheris*, for plaintiff in error.

*George C. Towner, Jr.*, for defendant in error.

SNEAD, J., delivered the opinion of the court.

Jeanne Paige, plaintiff, who was a guest passenger in an automobile driven by Isaiah J. Gray, instituted an action against Katharine D. Edgar and William Edgar for damages caused by injuries she sustained in a collision between vehicles operated by Gray and Mrs. Edgar. Plaintiff took a non-suit as to defendant William Edgar. The jury returned a verdict in favor of defendant Katharine D. Edgar which was approved by the trial court, and we granted plaintiff a writ of error.

The errors assigned relate to the granting and refusal of certain instructions.

The mishap occurred on October 26, 1964 about 1:30 p.m. at the intersection of Patrick and Prince streets in the city of Alexandria. Patrick street has three lanes of travel and is a one-way street proceed-

ing north. Prince street also has three lanes and is a one-way street proceeding east. The weather was clear and the streets were dry. Traffic at the intersection was controlled by a signal light.

Mrs. Paige, the plaintiff, was riding on the front seat of the car being driven by her brother, Isaiah Gray, in a funeral procession proceeding north on Patrick street. The procession originated at a church in Fairfax county, consisted of more than twenty-five vehicles, and was led by a Fairfax county police officer to the Alexandria city limits where a city police officer relieved the county officer and headed the procession. According to Gray, his vehicle was in about the middle of the procession. Mrs. Edgar, the defendant, was traveling east on Prince street in a Volkswagen bus and while attempting to cross the intersection her bus was struck on the right rear by Gray's car causing her vehicle to turn over. There was no police officer at the intersection directing traffic. The evidence is conflicting as to the speed of the vehicles involved, as to which driver had the green traffic signal light and as to whether the lights on Gray's vehicle were burning to identify the car as part of the procession. The jury's verdict resolved these issues in favor of defendant after having been instructed on negligence and proximate cause.

The plaintiff introduced in evidence a copy of section 22-58 of Alexandria City Code, which was stipulated to be authentic. It follows:

"Sec. 22-58. Driving through processions.

"No driver of a vehicle shall drive between the vehicles comprising a funeral or other authorized procession while such vehicles are in motion."

The trial court ruled that the ordinance "is inconsistent with the general laws set forth in the Statutes of Virginia," and on that basis refused Instructions No. 9 and No. 10 tendered by plaintiff. The court granted Instruction No. G proffered by defendant. The assignments of error relate solely to the action of the court with respect to these three instructions. They read:

"Instruction No. 9

"At the time that the incident under consideration occurred, the following regulation was in effect in the City of Alexandria:

" 'No driver of a vehicle shall drive between the vehicles comprising a funeral or other authorized procession while such vehicles are in motion. (Code 1953, § 19-57.)'

"This regulation sets out the applicable standard of conduct which of itself fixes the duty of care required by one in the same situation as the defendant. You are instructed, therefore, that the violation of this regulation, if any, by the defendant is negligence as a matter of law.

"If the violation of this regulation created a hazard which the regulation was intended to avoid and which does in fact bring about harm to the plaintiff, Jeanne Paige, which the regulation was intended to prevent, the violation is a legal cause of the harm.

"You must, therefore, find that the regulation was violated and that this violation was a proximate cause or one of the proximate causes of the injury to the plaintiff, Jeanne Paige."

"Instruction No. 10

"The Court instructs you that if the defendant, while driving east on Prince Street, saw or should have seen a funeral procession traveling north on Patrick Street, then the defendant should have yielded the right of way to the funeral procession, even if she had a green light."

"INSTRUCTION NO. G

"THE COURT INSTRUCTS THE JURY that even though you believe from a preponderance of the evidence that ISAIAH GRAY'S motor vehicle was part of a funeral procession, this did not relieve ISAIAH GRAY of the duty of obeying traffic lights while operating his vehicle in such a procession, unless police officers were present at the location in which event signals by such officers would take precedence over such light."

The crucial question presented for decision is whether the city ordinance is in conflict with the general laws of this State.

Plaintiff takes the position that there is no conflict between the ordinance and the general laws of this Commonwealth. She points out that all presumptions are in favor of the validity of a statute or ordinance; that a violation of either is negligence *per se*, and that when either is susceptible of a construction holding it is within the legislative power and also a construction holding that it is without, courts are required to adopt the former construction.

Plaintiff cites Code, § 46.1-180, which provides in part: "(a) In counties, cities and towns the governing body may adopt ordinances to regulate the operation of vehicles on the highways of such counties, cities and towns *not in conflict with the provisions of this title * * *.*" (Italics supplied.) The statute also specifies certain things the localities may not do which are not here pertinent.

In our view Code, § 46.1-184[1] is the statute directly involved. At the time of the accident it provided in part:

"§ 46.1-184. Signals by lights or semaphores shall be as follows:

"(a) Red indicates that traffic then moving shall stop and remain stopped as long as the red signal is shown, except in the direction indicated by a lighted green arrow. Green indicates that traffic shall then move in the direction of the signal and remain in motion as long as the green signal is given.

\* \* \* \* \* \*

"(d) Officers of the law may assume control of traffic otherwise controlled by lights or semaphores and in such event signals by such officers shall take precedence over such lights or semaphores."

While we have not heretofore had occasion to consider the applicability of a procession ordinance to the movement of traffic at intersections controlled by signal lights, in *Virginia Transit Co.* v. *Tidd*, 194 Va. 418, 73 S.E.2d 405, we did consider other legislative enactments as they applied to § 46.1-184. In that case a Virginia Transit Company bus collided with a police car being driven by Officer Conway at the intersection of Fourth and Broad streets in Richmond. Conway was proceeding west on Broad street at a speed of thirty-five miles an hour with his siren blowing and the red light on his car blinking when he entered the intersection with the red traffic light against him. Mrs. Tidd was a passenger on the bus, which was proceeding south on Fourth street, and was injured as a result of the collision. Thereafter she instituted an action against the transit company and Conway to recover damages for her injuries. The jury returned a verdict for Mrs. Tidd against the transit company but exonerated Conway. The transit company moved to set aside the verdict as to Conway and to enter judgment against both defendants. The motion was overruled and on appeal this court set aside the judgment in favor of Conway and entered judgment against both defendants.

---

[1] The 1966 General Assembly amended subsection (d) of § 46.1-184 by adding "and uniformed school crossing guards" after the words "Officers of the law".

Two of the questions involved were: "Under Virginia law may a police officer drive through an intersection when the traffic light is red against him?" and "Was the co-defendant Conway guilty of negligence as a matter of law?" We answered the former in the negative and the latter in the affirmative.

In .the course of the opinion we pointed out that § 46-181 [now 46.1-168][2] stated that the provisions of chapter 4, title 46 were applicable to the drivers of all vehicles owned or operated by the State or political subdivisions thereof upon the highways subject to such *specific exceptions* as are set forth in the chapter.

We held that "in Virginia the drivers of police cars, ambulances, and other State, county, and city-owned vehicles are subject to all traffic regulations *unless a specific exception is made*. Furthermore, § 46-200 [now 46.1-180] of the Code provides that no city or town shall adopt any ordinances or traffic regulations in conflict with the provisions of chapter 4, title 46, of the code." Since there was no provision in the Code[3] making a specific exception for drivers of police vehicles from obeying signal lights as set forth in 46.1-184, we held that Conway was negligent in driving into the intersection when the light was red for him.

As has been noted, § 46.1-168 now states that the provisions of chapter 4, title 46 are applicable to the operators of all vehicles upon the highways regardless of ownership "subject to such specific exceptions as are set forth in this chapter". Section 46.1-180 which grants power to the governing bodies of cities, counties and towns to adopt ordinances regulating the operation of vehicles upon the highways within the localities specifically states that such ordinances shall not be in conflict with title 46. Section 46.1-184 is a part of title 46 and it provides, among other things, that a red signal light "indicates that traffic then moving shall stop and remain stopped as long as the red signal is shown, except in the direction indicated by a lighted green arrow". There is no provision in the Code which specifically excepts persons driving in a procession, funeral or otherwise, from obeying signal lights other than where an officer of the law assumes control of

[2] Section 46.1-168 (then § 46-181) was amended in 1958 and reads:
"The provisions of this chapter applicable to the drivers of vehicles upon the highways shall apply to the drivers of all vehicles regardless of ownership subject to such specific exceptions as are set forth in this chapter."
[3] Subsequent to the decision in this case, the 1954 General Assembly enacted legislation exempting operators of police vehicles etc. from criminal prosecution for certain violations under certain conditions. § 46.1-226.

traffic. There was no such officer controlling traffic at the intersection at the time of the collision. That being the case we must hold, as we did in *Virginia Transit Co.* v. *Tidd, supra,* that the signal light provisions of § 46.1-168 controlled the flow of traffic at the intersection where the accident occurred. We find that section 22-58 of Alexandria City Code is in conflict with this statute and it was therefore not applicable under the facts of this case.

Courts in other jurisdictions have held, as we do here, that State statutes regulating the flow of traffic at intersections take precedence over local ordinances which prohibit drivers of vehicles from passing through or between processions unless specific exception is made in the statutes. *Vinci* v. *Charney,* 192 Misc. 302, 80 N.Y.S.2d 521; *Otto* v. *Whearty,* 63 Ohio App. 495, 27 N.E.2d 190; *Rinkes* v. *Tyler,* 86 Ohio App. 8, 89 N.E.2d 694.

The cases cited by plaintiff are distinguishable from the case at bar. In *Cogdell* v. *Taylor,* 264 N.C. 424, 142 S.E.2d 36, one of the cases relied upon by plaintiff, the court found that a city ordinance, similar to the Alexandria city ordinance, did not conflict with the general law of North Carolina in view of the specific statutory provision that no local authorities shall have "power or authority to * * * enact or enforce any rules or regulations contrary to the provisions of this article, except that local authorities shall have power to provide by ordinances for the regulation of traffic by means of traffic or semaphores or other signaling devices * * *, and may regulate the use of the highways by processions * * *". There is no such specific authorization or exception in the Code of Virginia.

This brings us to a consideration of Instructions No. 9 and No. 10, which were refused, and Instruction No. G which was granted. Instruction No. 9 was properly refused not only because it was tantamount to directing a verdict for plaintiff on the question of liability but also because it was based upon the erroneous assumption that the ordinance was applicable. Instruction No. 10 was an incorrect statement of the law as it was likewise based on the theory that the ordinance was applicable. The trial court, recognizing, as we have here held, that the ordinance is inapplicable, properly granted Instruction No. G, which was a correct statement of the law. We therefore hold that the trial court did not err with respect to its rulings on these instructions.

The judgment appealed from is

*Affirmed.*