■   ARTHUR J. HARVEY, Respondent, v. EUGENE PLATTEN, Appellant.— MEMORANDUM BY THE COURT. Appeal by the defendant from an order of the County Court of Albany County, entered December 26, 1967, which affirmed a judgment of the City Court of Albany, entered on June 2, 1966, in favor of plaintiff. The instant action was commenced by the plaintiff to recover property damages to his automobile. The record establishes that on May 18, 1965 the appellant's automobile was parked so that about one foot or more of it extended across an opening in the curbing on a city street for a private driveway; that the plaintiff parked his car using that driveway and in so doing he observed the appellant's car; that the opening in the curbing was some 10 to 12 feet wide with the appellant's car so parked; that the plaintiff in leaving his parking place had to back out upon the street and in so backing he struck a fire hydrant on the opposite curb with the rear of his car. The plaintiff was aware of the location of the hydrant prior to hitting it, but

apparently would have been able to stay further away from the opposite curb if the appellant's car had not taken up part of the driveway. The appellant urges that the plaintiff was guilty of contributory negligence as a matter of law. As noted by the County Court, the appellant's car was parked in this position for an extended period of time and, under such circumstances, there was no necessity for the plaintiff to wait until the appellant's car was moved before removing his own car through the driveway (see *Salisbury* v. *United Parcel Serv.*, 203 Misc. 1008), but that fact alone does not establish plaintiff's freedom from negligence (*Massey* v. *Matza*, 11 A D 2d 36, affd. 13 N Y 2d 631). We are unable to agree with the City Court's finding that, under the circumstances, the defendant's parking his automobile in violation of a local traffic ordinance constituted not only prima facie evidence of negligence but also a " public nuisance ". In any event, there must be a showing that the appellant's car was at least a contributory cause of the accident. The present record does not disclose any reasonable causal connection between the narrowing of the plaintiff's way of egress and the hitting of a fire hydrant on the opposite side and not in the traveled portion of the street. Upon the present record, a minimal amount of cautious maneuvering should have been sufficient for the plaintiff to enter the street by backing and, under such circumstances, the parking of the appellant's automobile is, as a matter of law, not a proximate cause of the plaintiff's backing into the fire hydrant. The appellant's motion in the trial to dismiss the complaint should have been granted. Order reversed, on the law and the facts, and complaint dismissed, with costs in all courts. Herlihy, P. J., Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by the court; Reynolds, J., dissents and votes to affirm in a memorandum. Reynolds, J. (dissenting). I can find nothing involved in this case but determinations of fact. The position of defendant's vehicle constituted violations of section 1202 (subd. [a], par. 2) of the Vehicle and Traffic Law; chapter 55, section 7 and chapter 55-A, article IV, section 2 of the General Ordinances of the City of Albany; and a city ordinance passed October 5, 1942 entitled " An Ordinance Authorizing the Towing, Impounding and Disposition of Vehicles Parked in Violation of the Ordinances of the City of Albany " which reads in section 1 as follows: " Any vehicle parked in violation of the ordinances of the City of Albany or of the laws of the State of New York, is hereby declared to be a nuisance ". A public nuisance was thus clearly created (see *Salsbury* v. *United Parcel Serv.*, 203 Misc. 1008), and since the nuisance was predicated on an unlawful act, more than " a mere want of ordinary care on the part of the plaintiff is required to prevent recovery." (*Delaney* v. *Philhern Realty Holding Corp.*, 280 N. Y. 461, 465.) While it is true, as the majority opinion states, that the width of the driveway when unblocked was about 12 to 14 feet, the plaintiff testified that on the day in question the combination of a vehicle parked to the westernmost point of the rampway and defendant's car overlapping the easternmost section of the driveway allowed him only a few. inches of clearance to back his car out. He also testified that it was necessary for him to back out of the driveway at an angle in order to avoid hitting the south curb. Plaintiff concededly was aware of the hydrant across the street, but stated that it was not visible to him as he backed out. On this record the City Court found plaintiff free from contributory negligence and the County Court affirmed. Utilizing the standard of care outlined above, I see no basis to disturb these decisions. *Massey* v. *Matza* (11 A D 2d 36, affd. 13 N Y 2d 631) relied on by the defendant and the majority here is clearly distinguishable from the case at bar, in that there is no evidence that defendant's conduct in that case constituted a nuisance so as to warrant the application of the standard of

contributory negligence applicable here. Similarly the issue of proximate cause is factual and should not be decided as a matter of law. It seems abundantly reasonable to me that the trial court could find proximate cause between the narrowing of the exit and the striking of the fire hydrant. And the majority statement that " a minimal amount of cautious maneuvering " could have avoided the accident does no more than raise again the issue of contributory negligence. Accordingly, I vote to affirm.