## CIRCUIT COURT OF THE CITY OF NORFOLK

Shirley Johnson

v.

Johnny E. Walker and
Norview Cars, Inc.

February 16, 1996

Case No. (Law) L94-4718

BY JUDGE EVERETT A. MARTIN, JR.

On April 10, 1993, Shirley Johnson was driving her car south on Church Street as part of a funeral procession under police escort. As she approached the intersection with East Princess Anne Road, the traffic light was red in her direction. Defendant Johnny Walker was driving a taxi cab owned by defendant Norview Cars, Inc., headed east on East Princess Anne Road. As he approached the intersection with Church Street, the light in his direction was green. The two cars collided in the intersection, which the parties have stipulated was not under the control of a police officer at the time of the accident. Shirley Johnson has filed a motion for judgment against the defendants seeking damages for the injuries she claims to have received in the accident. The case is before the Court on the defendants' motion for summary judgment in which they claim the plaintiff was contributorily negligent as a matter of law by not stopping for the red light. The motion for summary judgment will be denied.

Several statutes from Title 46.2, Chapter 8, of the Code of Virginia (1950) apply. All statutory citations are to the Code of Virginia (1950). In pertinent part, as they were written on the date of the accident, they are:

> § 46.2-801. *Chapter applicable to drivers of all vehicles regardless of ownership.* — The provisions of this chapter applicable to the drivers of vehicles on the highways shall apply to the drivers of all vehicles regardless of their ownership, subject to such exceptions as are set forth in this chapter.

§ 46.2-828. *Right-of-way for funeral processions under police or sheriff's escort.* — Funeral processions traveling under police or sheriff's escort shall have the right-of-way in any highway through which they may pass . . . .

§ 46.2-833. *Traffic lights.* — Signals by traffic lights shall be as follows:

Steady red indicates that moving traffic shall stop and remain stopped as long as the red signal is shown . . . .

Green indicates the traffic shall move in the direction of the signal and remain in motion as long as the green signal is given, except that such traffic shall yield to other vehicles . . . lawfully within the intersection.

§ 46.2-834. *Signals by law enforcement officers and crossing guards.* Law enforcement officers . . . may assume control of traffic otherwise controlled by lights, and in such event, signals by such officers . . . shall take precedence over such traffic control devices.

The present last paragraph of § 46.2-828 was added by 1994 Acts of Assembly, c. 54, and thus does not apply to this case.

In *Paige v. Edgar*, 210 Va. 54, 168 S.E.2d 103 (1969), the plaintiff was a passenger in a car in a funeral procession. The car in which she was riding was struck by another car at an intersection controlled by a signal light. There were no police officers at the intersection at the time of the accident, and the jury's verdict determined that the plaintiff had a red light when she entered the intersection and that the defendant had the green light. The plaintiff relied on a city ordinance which provided that no one should drive between the vehicles of a funeral procession while such vehicles are in motion. The issue before the Supreme Court was whether the local ordinance was in conflict with any state statute, and the Court held the ordinance did conflict with then § 46.1-184 (now §§ 46.2-833 and 46.2-834 as set out above).

The Court relied on its earlier decision in *Virginia Transit Co. v. Tidd*, 194 Va. 418, 73 S.E.2d 405 (1952), in which it held that a police officer pursuing a suspect was not entitled to pass through a red light because there was no statute specifically authorizing this and § 46-181, which at the time provided in pertinent part: "the provisions of this chapter applicable to the drivers of vehicles upon the highways shall apply to the drivers of all vehicles . . . subject to such *specific exceptions* as are set

forth in *this chapter.*" Former § 46-181 is now § 46.2-801, but by 1989 Acts of Assembly, c. 727, the word "specific" was deleted from the statute.

When *Paige v. Edgar* was decided, the word "specific" was, of course, in the statute, which was then numbered § 46.1-168 (formerly § 46-181). The Supreme Court held:

> There is no provision in the Code which specifically excepts persons driving in a procession, funeral or otherwise, from obeying signal lights other than where an officer of the law assumes control of the traffic. There was no such officer controlling traffic at the intersection at the time of the collision. That being the case, we must hold, as we did in *Virginia Transit Co. v. Tidd, supra,* that the signal light provisions of § 46.1-168 controlled the flow of traffic at the intersection where the accident occurred. 210 Va. at 58-9, 168 S.E.2d at 106.

The Supreme Court thus held that cars in funeral processions did not have the right to pass through red lights. That decision will control this case unless it has been overruled legislatively. I conclude it has been so overruled.

As stated above, the word "specific" was deleted from § 46.2-801 in 1989. The Supreme Court in both *Tidd* and *Paige* heavily relied on the presence of the phrase "specific exception." Secondly, by 1976 Acts of Assembly, c. 361, the General Assembly added what is now the first paragraph of § 46.2-828 giving funeral processions under police escort the right-of-way "in *any* highway through which they may pass." Had the General Assembly intended, as Mr. Zobel argued, that a funeral procession would only have the right-of-way when a police officer was controlling the intersection, it need not have enacted § 46.2-828 because 1954 Acts of Assembly, c. 381 (now § 46.2-834) gave law enforcement officers the authority to take control of intersections controlled by traffic lights and to have signals given by such officers take precedence over the lights. The purpose of a traffic light is to establish the right-of-way at an intersection; § 46.2-824 gives a funeral procession the right-of-way in *any* highway through which it passes. When two statutes are *in pari materia,* the specific should govern the general. *Dodson v. Potomac Mack Sales & Service,* 241 Va. 89, 94-95, 400 S.E.2d 178, 181 (1991).

At the hearing on February 9, 1996, Mr. Zobel questioned whether § 46.2-828 would apply to this case as that statute refers to right-of-way

on a "highway," and this accident occurred on city streets. Section 46.2-100 defines "highway" as "the entire width between the boundary lines of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys . . . ."