· ALBERT H. FRANCIS, Respondent, *v.* ·ALBERT GAFFEY,
Appellant.

Nuisance — highways — injury caused by motorcycle strik-
ing stones left in highway — when such obstruction not a
nuisance as matter of law.

1. The act of placing stones in a roadway for the purpose of
blocking the wheels of a wagon by a person engaged in road mak-
ing does not itself involve any unlawful use of the highway.   Nor
does his failure to discharge the duty of promptly removing them
necessarily constitute him the creator of a nuisance.   He would
ordinarily be deemed simply negligent by reason of such omission.

2. The fact that two large irregular stones were so used does not
suffice to show that it was one of those stones which was struck
afterwards by a motorcycle, and caused injuries of which the rider
complains, when there were a larger number of stones in the road
at the place of the accident, and hence he cannot recover for
injuries sustained by reason thereof without identifying the stone
as having been placed there by defendant or his servant or agent.
Nor can it be regarded as an illegal obstruction constituting a
nuisance as matter of law, as to the rider of a motorcycle moving at
the rate of twenty-five miles an hour.

*Francis* v. *Gaffey*, 153 App. Div. 937, reversed.

(Argued February 13, 1914; decided April 14, 1914.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered November 26, 1912, affirming a judgment in
favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Joseph B. Murphy* for appellant.   The placing of two
or three stones in a public highway in the country for the
purpose of blocking a wagon so that it will not run down
hill is a lawful act and is not a nuisance. (*Hayes* v.
*Brooklyn Heights R. R. Co.*, 200 N. Y. 183; *Dickinson*
v. *Mayor, etc.*, 92 N. Y. 584; *Melker* v. *City of New
York*, 190 N. Y. 488; *Hoagle* v. *Franklin Mfg. Co.*, 199

N. Y. 396; *McConnell* v. *Bostelmann,* 72 Hun, 238; *McKone* v. *Village of Warsaw,* 187 N. Y. 336; *Stedman* v. *Town of Osceola,* 147 App. Div. 223; *Sutphen* v. *Town of North Hempstead,* 80 Hun, 409; *Morrison* v. *City of Syracuse,* 45 App. Div. 421; *Wright* v. *Saunders,* 65 Barb. 214; *Johnson* v. *City of Poughkeepsie,* 29 App. Div. 16.) The plaintiff was guilty of contributory negligence, and the court was in error in charging that the law of contributory negligence does not apply. (*Joselin* v. *Great A. & P. Tea Co.,* 153 App. Div. 528; *Wright* v. *Saunders,* 65 Barb. 214; *Harlow* v. *Humiston,* 6 Cow. 189; *Jefson* v. *Crosstown Street Railway Co.,* 72 Misc. Rep. 103; *Parker* v. *Union Woolen Co.,* 42 Conn. 399; *Sutphen* v. *Town of North Hempstead,* 80 Hun, 409; *Congreve* v. *Smith,* 18 N. Y. 82.)

*Horace W. Fitch* for respondent. The placing and leaving of from two to five large stones in a public highway constitutes a nuisance. (*Congreve* v. *Smith,* 18 N. Y. 79; *Simmons* v. *Emerson,* 124 N. Y. 319; *Jorgenson* v. *Squires,* 144 N. Y. 280; *Coon* v. *Froment,* 25 App. Div. 250.) The court was right in its position taken upon the question of contributory negligence, and must be upheld. (*Congreve* v. *Smith,* 18 N. Y. 79; *McConnell* v. *Bostelmann,* 72 Hun, 238; *Irvin* v. *Wood,* 51 N. Y. 224; *Clifford* v. *Dam,* 81 N. Y. 52; *Opper* v. *Hellinger,* 116 App. Div. 267; *Van Norden* v. *Robinson,* 10 N. Y. S. R. 643; *Houghtaling* v. *Shelley,* 51 Hun, 598; *Dygert* v. *Schenck,* 23 Wend. 446; *Jennings* v. *Van Schaick,* 108 N. Y. 530.)

WILLARD BARTLETT, Ch. J. The plaintiff, while riding on his motorcycle at a speed of twenty-five to twenty-eight miles an hour, struck a loose stone as big as his head lying in a country highway and was injured. There were a number of stones of like size at the place of the accident, variously estimated by the plaintiff's witnesses at from