The plaintiff, while riding on his motorcycle at a speed of twenty-five to twenty-eight miles an hour, struck a loose stone as big as his head lying in a country highway and was injured. There were a number of stones of like size at the place of the accident, variously estimated by the plaintiff's witnesses at from *Page 49 
three to five. The only evidence that connects the defendant with the occurrence is the testimony of one witness to the effect that he saw the defendant's workmen, who were engaged in roadmaking, put two large irregular stones about the size of his head in the road at the place of the accident in order to block the wheels of a wagon which they were using. This was about nine o'clock in the morning and the accident occurred at half-past eleven. There is no basis for charging the defendant with any liability unless the stone struck by the motorcycle was one of the two stones previously placed and left there by the defendant's servants. There is no proof which suffices to show that it was one of these stones rather than some of the other stones seen by the plaintiff's witnesses. Just as the plaintiff failed in Wolf v.American Tract Society (164 N.Y. 30) because he could not identify the person who caused the injury, so it seems to me the plaintiff failed in the present action because he could not identify the stone which he struck as a stone which had been placed in the highway by the defendant's servants or agents. The jury were simply allowed to guess that it was that stone. The plaintiff should have been nonsuited by reason of this defect of proof.
Furthermore, I am not willing to assent to the proposition that a stone is to be deemed an illegal obstruction on a country road constituting a nuisance as matter of law, merely because it interferes with the free progress of a motorcycle moving at the rate of twenty-five miles an hour. This stone is said to have been "as big as your head." It would probably have produced the same effect if it had been only as big as one's hand. It could not have been in the highway more than two hours and a half. A readily removable object of this character carelessly left in the road may render the person who left it there liable for negligence to the drivers of ordinary vehicles moving at a reasonable rate of speed; but the law should not deem its presence a nuisance simply *Page 50 
because it may become dangerous to reckless riders of motorcycles driving their machines at a speed which is perilous in itself.
The fundamental mistake made in this case was in trying it as an action for nuisance instead of an action for negligence. The act of the defendant's agents in placing the stones in the road for the purpose of blocking the wheels of the wagons did not involve any unlawful use of the highway. So long as the wagons remained there the presence of the stones cannot in any reasonable view, as it seems to me, be regarded as having constituted an unlawful obstruction. When the wagons were removed, it is true that the stones which had been used for blocking the wheels ought to have been removed also. In other words, the duty to remove the stones was imposed by law upon the defendant's agents. The failure to discharge this duty, however, merely made the defendant negligent; it did not constitute him, as it seems to me, the creator of a nuisance any more than a man could be held responsible for creating a nuisance who allowed a bag of grain to fall from the rear of his wagon as he was driving along the road, and failed to remove it as he should do in the case supposed. No one would think of charging the driver with responsibility for wrongfully obstructing the highway, and thereby causing a nuisance therein. He would merely be deemed negligent by reason of his omission to pick up the bag of grain. The present case is even stronger than that which I have thus supposed, for here, as has already been intimated, the use of the stones to block the wheels of the defendant's wagons was neither unlawful nor negligent. The defendant incurred no legal liability so far as the stones were concerned, even for negligence, until the wagons were removed; whereas the driver who dropped a bag of grain could be regarded as negligent in allowing the bag to fall off his wagon.
This mistake in treating the action as one for a *Page 51 
nuisance was particularly harmful to the defendant on account of the rule which excludes the consideration of the plaintiff's contributory negligence in cases of nuisance. In view of the express admission of the plaintiff that if he had looked ahead he could have seen the stones, the jury might well have found that he was negligent himself if they had been permitted to consider that aspect of the case.
I advise that the judgment be reversed, and a new trial granted, costs to abide event.
CHASE, CUDDEBACK and HOGAN, JJ., concur; HISCOCK, MILLER and CARDOZO, JJ., dissent.
Judgment reversed, etc.