LOVE PENDER v. THE NATIONAL CONVOY AND TRUCKING COMPANY
AND FLOYD S. WILLIAMS.

(Filed 21 March, 1934.)

**Automobiles C d—Under circumstances of this case driver was under
duty to warn approaching motorists that highway was blocked by his
truck.**

> The driver of a truck and trailer, in attempting to turn the truck
> around on the highway within the corporate limits of a town, drove
> the truck into an unpaved side road, and the truck became stuck in the
> soft dirt of the road, leaving the trailer across the highway completely
> blocking it at a point where motorists approaching around a curve down
> a steep grade might not be able to see the trailer in time to avoid hitting
> it. Plaintiff introduced evidence that while defendant's truck and trailer
> were in this position he approached in his truck around the curve and
> was unable to avoid hitting the trailer, and that the driver of defendant's
> truck, although knowing of the danger to approaching motorists, failed to
> warn them of the danger by flagman or other danger signal, and that
> such failure was the proximate cause of plaintiff's injuries. *Held*, under
> the circumstances it was the duty of defendant's driver to exercise due
> care to warn approaching motorists of the danger, and defendant's motion
> as of nonsuit was properly denied.

APPEAL by defendants from *McElroy, J.*, at October Term, 1933, of
MADISON. No error.

This is an action to recover damages for injuries to the person and
to the property of the plaintiff, caused, as alleged in the complaint, by
the negligence of the defendants in the operation of a truck and trailer
owned by the defendant, the National Convoy and Trucking Company,
and operated by the defendant, Floyd S. Williams, its employee.

The evidence at the trial tended to show that on 3 November, 1932,
a truck owned and driven by the plaintiff collided with a trailer at-
tached to a truck owned by the defendant, the National Convoy and
Trucking Company, and operated by the defendant, Floyd S. Williams,
its employee, within the corporate limits of the town of Marshall, N. C.,
on State Highway No. 20, with the result that plaintiff's truck was
badly injured, and that plaintiff suffered painful and permanent injuries
to his person.

At the time of the collision, the trailer attached to the truck extended
across and completely obstructed the highway. The truck and trailer
were about 61 feet in length; the highway through the town of Marshall,
and at the place of the collision, was 18 or 20 feet wide. The defendant
Floyd S. Williams had undertaken to turn the truck and trailer around
on the highway, by driving the truck into a side-road, which was not
paved, leaving the trailer extending across and completely obstructing

the highway. The wheels of the truck stuck in the soft ground of the side-road, and for this reason the defendant was unable to move the truck or the trailer. He was in this situation for 10 or 15 minutes before the collision, and during that time made no effort to warn drivers of approaching automobiles or trucks of their peril, although he could see that a curve in the highway would prevent such drivers from seeing the trailer until they were so close to it that they might not be able to stop and thus avoid a collision. All his efforts were devoted to moving the truck and trailer. There were several persons present, attracted by his situation, but defendant did not request any one of them to warn drivers of approaching automobiles or trucks of their peril, by flags or otherwise.

While defendant's trailer thus obstructed the highway, the plaintiff, driving his truck, which was heavily loaded, approached on the highway, coming down grade. Because of a curve in the highway, the plaintiff did not see, and could not see, the trailer, until he was within 25 or 30 feet of the obstruction. After he saw that the trailer was across the highway, completely obstructing it, the plaintiff was unable to stop his truck, because of the steep grade and his heavy load. Despite his efforts to avoid a collision, he was unable to do so. Plaintiff suffered painful and permanent injuries to his person as the result of the collision. His truck was badly injured.

Issues involving defendants' negligence, plaintiff's contributory negligence, and the amount of damages sustained by the plaintiff, as a result of his injuries, were submitted to the jury and answered in favor of the plaintiff.

From judgment that plaintiff recover of the defendants the sum of $10,150, the amount of the damages assessed by the jury, and the costs of the action, the defendants appealed to the Supreme Court.

*J. C. Ramsey, M. E. Ramsey, J. H. McElroy and Carter & Carter for plaintiff.*
*J. H. Sample and Weaver & Miller for defendants.*

CONNOR, J. In the 9th paragraph of his complaint, the plaintiff alleges that the collision between his truck and the truck owned by the defendant, the National Convoy and Trucking Company, and operated at the time of the collision by the defendant, Floyd S. Williams, its employee, was caused by the negligence of the defendants, in that:

"(a) Defendants knowingly, wilfully, carelessly, recklessly and negligently attempted to turn an automobile truck more than 61 feet long, on a narrow road, on a curve completely blocking said road to other vehicles using the same;

(b) Defendants wilfully, recklessly, and negligently, without due care for the safety of others using said road, blocked the same without giving warning by flagman or other danger signals, to drivers of vehicles coming down a steep grade and around a curve above the point so blocked by defendants;

(c) By driving and operating upon the highways of the State a truck with a trailer attached dangerous to the traveling public without having thereon some signal of danger to show others using said highways of their danger; said trailer being of a length in excess of that allowed by law."

Conceding that there was no evidence at the trial of this action, tending to show negligence on the part of the defendants as specified in sections (a) and (c) of paragraph 9 of the complaint, we are of the opinion that there was evidence tending to show negligence as specified in section (b) of said paragraph. For this reason, there was no error in the refusal by the trial court of defendants' motion for judgment as of nonsuit, at the close of all the evidence. The defendant, Floyd S. Williams, after he found himself unable to move the truck and the trailer, because the wheels of the truck had stuck in the soft ground off the pavement, owed the duty to plaintiff and others approaching the obstruction in the highway, on automobiles or trucks, to exercise reasonable care to warn them of their peril. A failure to perform this duty was negligence. There was evidence tending to show that such negligence was the proximate cause of the collision, resulting in injury to the plaintiff.

The exceptions to the charge of the court to the jury are without merit. The instructions with respect to negligence on the part of the defendants, and contributory negligence on the part of the plaintiff, were in accord with well settled principles of law. There was no error in the trial. The judgment is affirmed.

No error.