ALBERT L. CHANDLER v. FORSYTH ROYAL CROWN BOTTLING COMPANY AND JIMMIE L. MARION.

(Filed 23 May 1962.)

1. Automobiles § 9—

   It is negligence for the driver of a truck to leave his vehicle standing diagonally across the highway so as to leave only 3 or 4 feet unobstructed and fail to give any warning to approaching motorists of the peril. G.S. 20-161(a).

2. Automobiles § 34½—

   Where crates of bottled drinks have fallen from a truck as the truck was driven from a side road onto the highway, it is a breach of the common law duty to exercise due care for the driver to fail to remove from the highway the broken glass and other debris or to fail to warn approaching motorists of its presence. (G.S. 136-91).

3. Automobiles § 41c—   Evidence held for jury on question of negligence in blocking highway without warning to approaching motorists.

   The evidence tended to show that as defendant driver drove his truck from a side road onto the highway crates of bottles fell to the highway from the truck, that the driver left the vehicle standing diagonally

across the hardsurface blocking all but 3 or 4 feet thereof, and that plaintiff motorist, rounding a curve, applied his brakes upon seeing the conditions, but that he was unable to avoid running over broken glass, causing a blowout, and resulting in his losing control of the car, which ran into a ditch, resulting in the damages and injuries in suit. The evidence further tended to show that the accident occurred some twenty minutes after the truck had been stopped and that the driver did not remove any of the debris from the highway or give any warning to approaching motorists of the peril. *Held:* The evidence was sufficient to be submitted to the jury on the issue of the driver's negligence.

**4. Automobiles § 42d—** **Evidence held not to show contributory negligence as a matter of law on part of motorist in failing to stop before running into an area of broken glass.**

The evidence tended to show that plaintiff was driving his automobile some 50 miles per hour in a 55 mile per hour zone, that he rounded a curve with his view of the highway ahead obstructed by trees and tall bushes so that he could not see that the highway was blocked by defendant's truck and glass and debris which had fallen from the truck until he was some 100 feet therefrom, that plaintiff immediately applied his brakes but was unable to avoid running into the area of broken glass which caused a blowout, resulting in plaintiff's loss of control of the vehicle, which ran into a ditch to plaintiff's damage and injury. *Held:* The evidence does not disclose contributory negligence as a matter of law on the part of plaintiff.

**5. Negligence § 26—**

Nonsuit on the ground of contributory negligence is proper only when the evidence, considered in the light most favorable to plaintiff, establishes contributory negligence so clearly that no other reasonable inference or conclusion can be drawn therefrom.

APPEAL by plaintiff from *Walker, J.,* December 4, 1961 Term of FORSYTH.

Action to recover for personal injuries and property damage suffered by plaintiff when his automobile was involved in an accident, allegedly caused by the actionable negligence of defendants.

At the close of plaintiff's evidence the court sustained defendants' motion for nonsuit and dismissed the action.

Plaintiff appeals.

*W. Scott Buck and Deal, Hutchins and Minor for plaintiff appellant.*
*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson, and W. F. Maready for defendants, appellees.*

MOORE, J. The evidence, when considered in the light most favorable to plaintiff, tends to show:

The accident occurred about 2:30 p. m. on 8 August 1958 at a curve

on the Baux Mountain Road north of Winston-Salem in a rural area. The road is a two-lane paved highway. The pavement is about 18 feet wide. The curve in question is fairly sharp and turns to the left for southbound traffic. At the curve the shoulders are only two or three feet wide on each side and the outside of the curve is elevated or banked. On the inside of the curve there are trees and tall bushes making it a blind curve. Approaching the curve from the north the highway is on an incline to the curve. To the south of the curve the highway is straight for a considerable distance. A dirt road comes down a sharp decline from the west and intersects the highway slightly to the south of the center of the curve. The individual defendant, agent and employee of corporate defendant, drove the latter's truck from the dirt road into the highway. The truck body was equipped with racks or shelves which contained crates of soft drink bottles. As the truck came onto the highway a number of the crates fell to the hardsurface and littered the highway with crates, bottles and broken glass, particularly the west lane of travel. The individual defendant stopped the truck diagonally across the highway in the southern portion of the curve so as to block about 80% of the hardsurface. The truck faced southeast. The only open space in the highway was 3 or 4 feet on the west side to the rear of the truck. The truck had been standing in this position about 20 minutes before plaintiff arrived. The glass and debris extended 20 to 30 feet north of the truck to the mouth of the dirt road. It had not been removed. Individual defendant did not flag traffic or otherwise give warning. Plaintiff was driving south at a speed of 45 to 50 miles per hour. He could not see around the curve. He was half way around before he could see the truck. He was then within 100 feet of the truck; at this time he also saw the glass and debris, and immediately applied brakes and tried to stop. He ran into the area of broken bottles; his right front tire blew out and plaintiff lost control. The car did not strike the truck, but ran onto the shoulder and came to rest on its side in the road ditch at a culvert. Plaintiff was seriously injured, was in the hospital several months, and was on crutches for a year after dismissal from the hospital.

Plaintiff alleges in his complaint that defendant was negligent in that he blocked the highway with his truck at a blind curve for a long period of time, gave no warning to southbound traffic, and failed to remove the broken glass and debris from the highway though he had ample time to do so; and that such negligence was the proximate cause of plaintiff's injuries and damage to his automobile.

Defendants aver that plaintiff was contributorily negligent, in that, among other things, he was operating his vehicle at a speed greater than was reasonable and prudent under the circumstances, he failed

to keep a reasonable lookout, and failed to keep his automobile under proper control.

In our opinion the evidence, considered within the framework of the allegations of the complaint, is sufficient to make out a *prima facie* case of actionable negligence.

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway . . . when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway: Provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a *clear view* of such vehicle may be obtained from a distance of *two hundred feet* in both directions upon such highway: Provided further that in the event that a truck . . . be disabled . . . the driver . . . shall display, no less than *two hundred feet* in the front and rear of such vehicle, a warning signal; that during the hours from sunup to sundown a red flag shall be displayed . . ." (Emphasis added). G.S. 20-161(a).

"One stopping an automobile on the highway should use ordinary care to prevent a collision with other vehicles operating thereon. A motorist stopping on a pronounced curve should anticipate that a following motorist will have an obstructed view of the highway ahead, . . ." 2A Blashfield: Cyclopedia of Automobile Law and Practice (Perm. Ed.), s. 1191, p. 8; *Hunton v. California Portland Cement Co.,* 50 Cal. App. 2d 684, 123 P. 2d 947.

"The operator of a standing or parked vehicle which constitutes a source of danger to other users of the highway is generally bound to exercise ordinary or reasonable care to give adequate warning or notice to approaching traffic of the presence of the standing vehicle, and such duty exists irrespective of the reason for stopping the vehicle on the highway. So the driver of the stopped vehicle must take such precautions as would reasonably be calculated to prevent injury, whether by the use of lights, flags, guards, or other practical means, and failing to give such warning may constitute negligence. . . ." 60 C.J.S., Motor Vehicles, s. 325, pp. 779, 780; *Mullis v. Pinnacle Flour & Feed Co.,* 152 S.C. 239, 149 S.E. 329.

In *Pender v. Trucking Co.,* 206 N.C. 266, 173 S.E. 336, the facts are somewhat similar to those of the instant case. A truck became stuck in soft dirt leaving the attached trailer across the highway, completely blocking it at a point where motorists approaching around a

curve might not be able to see the trailer in time to avoid hitting it. After the trailer had been in this position ten or fifteen minutes, plaintiff drove around the curve and collided with the trailer. The driver of the truck failed to give warning. It was held that motion for nonsuit was properly overruled, that defendant "owed the duty to plaintiff and others approaching the obstruction in the highway . . . to exercise reasonable care to warn them of their peril," and that "failure to perform this duty was negligence."

In the case at bar there is no evidence that the truck was disabled. The evidence tends to show that defendants were negligent in failing to comply with the requirements of G.S. 20-151(a) by leaving the truck in a position so as to block the highway, and were negligent in failing to give warning of the perilous obstruction to motorists proceeding from the north around the curve.

There is also evidence tending to show that defendants were negligent in failing to remove from the highway the glass and other debris that fell from the truck when it entered the highway from the side road, and in failing to warn motorists of its presence.

In North Carolina it is unlawful and punishable for any person to "throw, place or deposit any glass or other sharp or cutting substance or any injurious obstruction in or upon any of the public highways of this State." G.S. 136-91. It is true that there is no evidence in this record that defendants either wilfully or negligently deposited the glass on the highway. But the statute is express recognition of the danger to motorists of the presence of such substances on the public highways. Assuming that the deposit of the glass on the highway by defendants was purely accidental, defendants nevertheless owed plaintiff and other motorists the common law duty of due care to remove the glass and debris from the highway and to give reasonable warning of the peril until it was removed.

"At common law, any unnecessary or unauthorized obstruction that unreasonably incommodes or impedes the lawful use of a street or highway is a nuisance. . . ." 5A Blashfield: Cyclopedia of Automobile Law and Practice (Perm. Ed.), s. 3252, p. 274. But readily removable objects carelessly left in the highway may render the person who left them there liable for negligence to the drivers of ordinary vehicles moving at a reasonable rate of speed. *Francis v. Gaffey*, 211 N.Y. 47, 105 N.E. 96; *Matsumato v. Arizona Land and Rock Co.*, 295 P. 2d 850; *Batts v. Joseph Newman, Inc.*, 71 A. 2d 121.

Plaintiff did not collide with the truck. One of his tires was punctured as he ran over the glass strewn on the highway, and as a result he lost control and his car ran into the highway ditch causing injury to his person and property. The inference is permissible that the in-

juries were proximately caused by defendants' negligence in leaving the truck standing so as to obstruct the highway in violation of G.S. 20-161(a), in allowing the glass and debris to remain upon the highway, and in failing to warn southbound motorists of the presence of the truck, glass and debris. Plaintiff might have avoided the glass had the highway not been obstructed by the truck.

On this record we do not agree that plaintiff was contributorily negligent as a matter of law. The evidence tends to show that plaintiff was proceeding at a speed of 45 to 50 miles per hour. The speed limit was 55 miles per hour. Because of the trees and bushes on the inside of the curve plaintiff's view was obstructed until he was within 100 feet of the truck. The glass was nearer; he saw it about the same time he saw the truck. Glass is transparent and is not readily distinguishable under ordinary circumstances until one is in close proximity thereto.

Before defendants are entitled to a nonsuit on the ground of plaintiff's contributory negligence it must appear that "the evidence of the plaintiff taken in the light most favorable to him establishes such negligence so clearly that no other reasonable inference or conclusion can be drawn therefrom." *Powell v. Lloyd,* 234 N.C. 481, 67 S.E. 2d 664. Whether plaintiff was contributorily negligent by reason of excessive speed, failure to keep a reasonable lookout, or failure to keep his vehicle under proper control is for the jury.

The cases relied on by the appellees are factually distinguishable.
The judgment below is
Reversed.