WILLIAM E. TRIPP v. CLINTON A. HARRIS.

(Filed 18 September 1963.)

1. **Automobiles § 42g—**

Plaintiff, traveling east, entered the intersection after stopping and seeing defendant's truck, still some distance away, approaching from the south. The evidence supported conflicting inferences as to whether a

driver of reasonable care and prudence at the time of seeing the approaching truck, would have been justified in believing that he could pass safely through the intersection ahead of the approaching truck. *Held:* The evidence does not show contributory negligence as a matter of law, since nonsuit for contributory negligence is proper only when no other reasonable inference or conclusion can be drawn from the evidence.

**2. Automobiles § 41g—**

Plaintiff's evidence *held* sufficient to be submitted to the jury on the issue of defendant's negligence in entering the intersection at excessive speed and colliding with plaintiff's car which had first entered the intersection.

APPEAL by defendant from *Hubbard, J.,* January 1963 Session of PITT.

Civil action to recover $617.93 for damage to an automobile allegedly caused by defendant's actionable negligence.

Defendant in his answer denies that he was negligent, conditionally pleads contributory negligence of plaintiff as a bar to recovery, and alleges a counterclaim for $340.55 for damages to his truck.

No jury trial having been demanded by either of the parties in the pleadings, the judge, pursuant to the provisions of G.S. 1-539.5, which is a part of our Act for the adjudication of small claims in the superior courts of the State, answered issues to the effect that plaintiff's automobile was damaged by defendant's negligence as alleged in the complaint, that plaintiff did not by his own negligence contribute to the damage to his automobile, awarded him damages to his automobile in the amount of $600, that defendant's truck was not damaged by plaintiff's negligence as alleged in defendant's counterclaim, and that defendant was entitled to recover no damages from plaintiff.

From a judgment entered in accord with the answers to the issues, defendant appeals.

*J. W. H. Roberts and Eugene A. Smith for defendant appellant.*
*M. E. Cavendish for plaintiff appellee.*

PER CURIAM. Defendant assigns as error the denial of his motion for judgment of compulsory nonsuit, made at the close of all the evidence. Defendant's contention is plaintiff's evidence shows he was guilty of contributory negligence as a matter of law.

The collision which gave rise to the action occurred at the intersection of East Gum Street and North Pitt Street, two dirt streets in the city of Greenville, about 10:50 a.m. on 18 September 1961. There

was no traffic control device or signal, no stop sign, and no yield the right of way sign at this intersection. Plaintiff was approaching this intersection driving his automobile in an easterly direction on East Gum Street, and defendant was approaching this intersection driving his truck in a northerly direction on North Pitt Street.

Plaintiff's evidence, considered in the light most favorable to him, tends to show: When he approached the intersection, his view to his right along Pitt Street was obstructed by a high fence and weeds. He stopped his automobile on East Gum Street beyond the fence where he could see to his left and right, and to his right along Pitt Street for 125 or 150 feet. He saw a truck about 125 feet away from the intersection on Pitt Street and approaching it traveling north. He did not judge the truck was running at a high rate of speed, and it looked like he had plenty of time to cross the intersection after he saw the truck. He started his automobile and entered the intersection. When he had passed two-thirds of the way through the intersection, he looked and saw defendant's truck driven by him skidding at a high rate of speed toward the intersection and toward him. The two motor vehicles collided in the intersection. The entire front part of plaintiff's automobile was damaged, and the left front part of the truck was damaged. Plaintiff also testified to the effect that he paid no attention to the speed of the approaching truck until he got out into the intersection, and that he got halfway into the intersection before he noticed its speed.

Plaintiff's evidence, taken in the light most favorable to him, tends to show that he entered the intersection first, at a time when defendant's approaching truck at the speed it was traveling was far enough away so that a person in the exercise of reasonable care and prudence would have been justified in believing that he could safely pass over the intersection ahead of the approaching truck. It is true that other parts of his testimony tend to show that he entered the intersection first, at a time when defendant's approaching truck at the speed it was traveling was not far enough away so that a person in the exercise of reasonable care and prudence would have been justified in believing that he could pass through the intersection in safety ahead of the approaching truck. More than one inference may reasonably be drawn from plaintiff's evidence; consequently, the question of contributory negligence was for the judge sitting without a jury. Plaintiff's evidence, taken in the light most favorable to him, does not establish contributory negligence so clearly that no other reasonable inference or conclusion can be drawn therefrom, and consequently defendant is not entitled to a nonsuit on the ground of plaintiff's contributory

negligence as a matter of law. *Chandler v. Bottling Co.*, 257 N.C. 245, 125 S.E. 2d 584; *Keener v. Beal*, 246 N.C. 247, 98 S.E. 2d 19.

"The very term 'contributory negligence' *ex vi termini* implies, or presupposes negligence on the part of the defendant." *Scenic Stages v. Lowther*, 233 N.C. 555, 64 S.E. 2d 846. Plaintiff's evidence clearly shows negligence on defendant's part proximately resulting in damage to his automobile.

Our decision finds support in G.S. 20-155 (b), and the cases of *Downs v. Odom*, 250 N.C. 81, 108 S.E. 2d 65; *Donlop v. Snyder*, 234 N.C. 627, 68 S.E. 2d 316; *Cab Co. v. Sanders*, 223 N.C. 626, 27 S.E. 2d 631.

The judgment below is
Affirmed.