WILLIAM OSCAR MONTFORD, TEACHEY, NORTH CAROLINA v. WILLIAM HERMAN GILBHAAR, WATHA, NORTH CAROLINA, AND BOSTIC-HAWES MOTORS, INC., WALLACE, NORTH CAROLINA.

(Filed 29 September, 1965.)

**1. Automobiles § 41t—**
Evidence that defendant's wrecker was standing unattended in plaintiff's lane of travel, with a cable extending across the highway to a mired car, that the mired vehicle was hidden by a house from northbound traffic, that plaintiff, driving north, attempted to go around the parked wrecker and struck the cable, while traveling less than 20 miles per hour, together with evidence of circumstances under which the cable was difficult to see, *held* sufficient to be submitted to the jury on the issue of negligence.

**2. Automobiles § 42a—**
Evidence that plaintiff drove into a cable extending across the highway from a wrecker, which cable was difficult to see because of light and color, *held* not to show contributory negligence as a matter of law on the part of plaintiff in traveling at a speed greater than was reasonable and prudent under the circumstances or in failing to keep his vehicle under proper control.

**3. Negligence § 26—**
Nonsuit for contributory negligence should be denied when opposing inferences are permissible from plaintiff's proof.

APPEAL by plaintiff from *Stevens, E. J.,* March 1965 Session of DUPLIN.

*Graham A. Phillips, Jr., for plaintiff.*
*Hogue, Hill and Rowe and Rivers D. Johnson for defendants.*

Per Curiam.   This is an action to recover damages for personal injuries. On motion of defendants, judgment of involuntary nonsuit was entered at the close of plaintiff's evidence.

The evidence, taken in the light most favorable to plaintiff, is summarized as follows: About 5:35 P.M. on 28 February 1964 individual defendant was operating and in control of a Ford truck, equipped as a "wrecker," owned by corporate defendant. The wrecker was being operated in an attempt to pull another vehicle which was mired in a field on the west side of rural paved highway No. 1149 in Duplin County. The wrecker was left standing on the highway, diagonally across the east lane — the lane for northbound traffic. A cable, about the size of a man's little finger, was attached to the wrecker and extended westwardly across the highway and to the vehicle mired in the field. The cable was slack and was about 21 inches above the surface of the highway; it was about the same color as the pavement. The sky was overcast; it was "drizzling rain"; the highway was wet. The mired vehicle was not visible to northbound traffic; it was hidden from view by a house located near the highway. The only lights on the wrecker were two "little red lights" on the rear; the large rotating red light on the top was not in operation. Plaintiff was driving north in his Volkswagen automobile. His parking lights were on and his windshield wiper was in operation. It was not dark enough for headlights. When about one-tenth of a mile away, he saw indistinctly defendant's vehicle in his lane of travel. When about 500 feet away, he saw the rear lights of the vehicle and observed that it was a truck and had a boom or crane mounted on it. He shifted to third gear and reduced speed below 30 miles per hour. He saw no person at or about the wrecker. He pulled to his left, attempted to pass and ran into the cable. He had not seen the cable, though he had looked continuously in his direction of travel. At the time he struck the cable his speed "was somewhere below 20 miles per hour." He suffered personal injuries as a result of the collision.

Plaintiff's exception to the judgment of nonsuit was well taken. In our opinion the evidence that defendants left the wrecker standing on the highway in such manner that the wrecker and the cable attached blocked the entire highway, the existing circumstances affected visibility of the cable, and no meaningful warning was given that the highway was completely obstructed and traffic, to avoid collision, would have to come to a complete stop, makes out a *prima facie* case of actionable negligence on the part of defendants. G.S. 20-161. It is a jury question whether plaintiff operated his automobile at a speed greater than was reasonable and prudent under the circumstances, failed to keep his vehicle under proper control, or failed to maintain a reasonable lookout and should have seen the cable under prevailing weather

conditions and the similarity of the color of the cable and the road. Non-suit on the issue of contributory negligence should be denied when opposing inferences are permissible from plaintiff's proof. 3 Strong: N. C. Index, Negligence, § 26.

The judgment below is

Reversed.