MINNIE P. POLLOCK v. SOUND CHEVROLET CO., INC., AND McLEAN
TRUCKING COMPANY.

(Filed 12 June, 1968.)

1. **Automobiles §§ 71, 73—   Evidence is sufficient to support finding of defendant's negligence in towing operation.**

   Plaintiff's evidence was to the effect that defendant's tractor-trailer unit was mired in sand on the west side of a paved roadway and that the codefendant's wrecker was standing, unattended and with no lights showing, in the east, *i.e.*, plaintiff's, lane of travel, that two cables extended from the wrecker across the roadway to the tractor-trailer unit, that the cables were difficult to see because of their color and distance above the asphalt road, and that as plaintiff attempted to drive her convertible automobile at a speed of 10 miles per hour to the left of and around the wrecker the cables came through the windshield of the car, causing her to receive injuries. *Held:* Evidence of defendant's negligence was sufficient to be submitted to the jury, and the evidence was insufficient to support a finding of contributory negligence by the plaintiff as a matter of law.

2. **Negligence § 26—**

   Nonsuit on the issue of contributory negligence should be denied when opposing inferences are permissible from plaintiff's proof.

3. **Automobiles § 100—**

   Uncontradicted testimony of defendant's employee that he obtained permission to call upon the codefendant's wrecker service to assist him in getting his truck unstuck from sand and that he gave the codefendant's employee instructions and directions as to the removal of the truck, *is held* to establish that the wrecker service was not an independent contractor.

APPEAL by plaintiff from *Bowman, S.J.,* 19 October 1967 Session of CARTERET Superior Court.

Plaintiff complains that she was injured by the actionable negligence of the defendants on 13 July 1964 and seeks to recover therefor. Plaintiff alleged that she was operating an automobile in a careful and prudent manner northwardly on a roadway known as Transit Shed One Street located in that area and maintained by the North Carolina State Ports Authority in Morehead City. That one of defendant McLean's tractor-trailer units was mired in the sand on the west side of and near said street, and defendants' employees were attempting to release it from its position in the sand. Assisting in this was the Chevrolet truck of the defendant Sound Chevrolet Co., Inc., referred to by the witnesses as a "wrecker" and described as having a sort of crane arrangement on the back of it with cables "on a winch and on rolling arrangements where these cables could be pulled out." In doing so, the defendants had stretched a steel cable across this road about three and one-half feet above the road extending from the Chevrolet truck, situated on the "east side" of the street, to the tractor-trailer unit on the west side of the

street. Plaintiff further alleged that the defendants were actionably negligent in "a) that the defendants stretched a cable across a busy thoroughfare which was not readily visible to approaching traffic; b) that they failed to have flares or warnings on either side of said cable to give warning of its presence to approaching traffic; c) that they failed to have persons, watchmen, or other signalmen to give notice of the presence of said cable."

The defendants deny in separate answers the material allegations of the complaint, and as a further answer and defense each alleges contributory negligence on the part of the plaintiff, alleging in substance that she was operating a vehicle on the roadway at a speed greater than was reasonable and prudent under the circumstances; that she failed to keep a proper lookout; that she failed to keep the vehicle she was driving under control; and that she failed to apply brakes or stop it to avoid striking the cables when in the exercise of due care she should have.

At the close of plaintiff's evidence, the court granted defendants' motion for nonsuit. From the judgment dismissing the action, the plaintiff appealed.

*Wheatly & Bennett by C. R. Wheatly, Jr., Attorneys for plaintiff appellant.*

*Barden, Stith, McCotter & Sugg by L. A. Stith, Attorneys for defendant appellee Sound Chevrolet Co., Inc.*

*Spry, Hamrick & Doughton by Harvey Hamilton, Jr., Attorneys for defendant appellee McLean Trucking Company.*

MALLARD, C.J. Plaintiff's only assignment of error is that the court erred in allowing defendants' motion for nonsuit at the conclusion of plaintiff's evidence.

This involves two questions. Was there sufficient evidence favorable to plaintiff to go to the jury? If so, was the plaintiff guilty of contributory negligence as a matter of law? We hold that the answer to the first question is "yes," and the answer to the second question is "no." *Montford v. Gilbhaar*, 265 N.C. 389, 144 S.E. 2d 31.

The evidence, taken in the light most favorable to the plaintiff, tends to show that on 13 July 1964 an employee of the defendant Sound Chevrolet Co., Inc., was assisting an employee of the defendant McLean Trucking Company in removing one of the tractor-trailer units of the McLean Trucking Company from its mired or stuck position in the sand on the premises maintained by the North Carolina State Ports Authority in the Town of Morehead City.

The tractor-trailer had become stuck in the sand where it had

been driven for the purpose of unloading it. The wrecker of the defendant Sound Chevrolet Co., Inc., was standing unattended, with no lights showing, in plaintiff's lane of travel on an asphalt roadway or street with two cables, each about three-fourths of an inch in diameter, extending across the remaining fifteen feet of the roadway from it to the mired tractor-trailer, thus completely blocking the roadway. These cables were greasy and black-looking and were about three and one-half or four feet above the road. There were no flares or other warnings of the presence of the cables across the roadway.

The plaintiff was operating a Chevrolet convertible northwardly on this roadway and while traveling in second gear at a speed of approximately ten miles per hour struck the cables as she pulled the automobile to her left to go around the wrecker. The cable came across the hood of the automobile and through the windshield causing her to receive injuries. In our opinion the plaintiff's evidence of negligence was sufficient to be submitted to the jury.

As to the contributory negligence of plaintiff, we hold that it is a jury question whether plaintiff operated the Chevrolet automobile at a speed greater than was reasonable and prudent under the circumstances, failed to keep it under proper control, or failed to maintain a reasonable lookout and should have seen the cables under the conditions existing. "Nonsuit on the issue of contributory negligence should be denied when opposing inferences are permissible from plaintiff's proof." *Montford v. Gilbhaar, supra;* 3 Strong, N. C. Index, Negligence, § 26.

McLean's driver testified that he "obtained permission to contact Sound Chevrolet for wrecker service *to assist* in getting the truck unstuck," that "they sent one of their wreckers over there *to help* get the tractor-trailer unstuck," that he "told the wrecker operator how to connect the cables," and that he gave directions to the driver of the wrecker. In view of the uncontradicted testimony, the contentions of the defendant McLean Trucking Company that its employee had nothing to do with the removal of the tractor-trailer from the sand and that the Sound Chevrolet Co., Inc., was an independent contractor employed to remove the tractor-trailer from the sand are without merit.

The judgment of nonsuit is
Reversed.

BROCK and PARKER, JJ., concur.