STAPLES v. CARTER

ODESSA W. STAPLES v. EUGENE D. CARTER, TRADING AS CARTER'S ESSO SERVICE CENTER, AND WAYNE CARTER

No. 6918SC246

(Filed 2 July 1969)

1. **Automobiles § 71— accident involving wrecker — sufficiency of evidence**

Plaintiff's evidence that he was traveling in the southbound lane of traffic at night, that defendant's wrecker was standing in the northbound lane of traffic facing north with its headlights on bright, that the wrecker displayed no warning signals of any kind, that a cable extended from the wrecker across the southbound lane to a disabled vehicle located partially on the west end of the highway, and that plaintiff was injured when his car ran into the cable and the disabled vehicle, *held* sufficient to be submitted to the jury on the issue of defendant's negligence in allowing the wrecker to be parked or left standing on the highway at night with bright lights on in violation of G.S. 20-161 and G.S. 20-161.1.

2. **Negligence § 29— prima facie case**

When a prima facie case of negligence is shown by the evidence or admission, the trial court, nothing else appearing, should submit the case to the jury.

3. **Automobiles § 90— instructions in accident cases — leaving standing a vehicle at night**

Trial court properly instructed the jury as to the effect of G.S. 20-161.1 upon the conduct of the operator of a wrecker in leaving standing the wrecker on the highway at night, in order to aid a disabled vehicle, where the evidence was conflicting with respect to whether the bright lights were burning on the wrecker and to whether the emergency signaling lights were flashing.

APPEAL by plaintiff from *Martin, S.J., (Robert M.)* 12 December 1968 Session of the Greensboro Division of the Superior Court of GUILFORD County.

Plaintiff first included Edgar Staples and Dean Goins in this case but submitted to a voluntary nonsuit as to each of them and

amended her complaint to allege a cause of action only against the Carters.

In this action plaintiff seeks to recover for personal injuries alleged to have been sustained by her on 9 December 1961. Plaintiff was a guest passenger riding in the front seat of an automobile being operated by her husband south on Dolly Madison Road in Guilford County near Greensboro at about 8:30 P.M. The car in which plaintiff was riding collided with a disabled automobile owned by Dean Goins which was located partially on the road and partially in a yard west of the road. The disabled automobile had no lights on it, was connected or attached by a cable extending across the southbound lane to a wrecker truck (wrecker) owned by defendant Eugene D. Carter, operated by defendant Wayne Carter and which was stopped in the northbound lane on the Dolly Madison Road for the purpose of moving the disabled automobile of Mr. Goins.

The Dolly Madison Road runs generally north and south. It is an asphalt paved road 21 feet wide with shoulders about five feet wide. The road is straight and level for more than 100 yards north of the point of collision.

Plaintiff's husband, and driver of the automobile, testified he saw the headlights on the wrecker were on bright facing north and he thought the vehicle was meeting him; he dimmed his headlights but the lights on the wrecker were not dimmed; there were no other lights on or about it, and no warning signals or signs of any kind were visible. He was traveling at a speed of about 30 miles per hour in a 35 miles per hour zone. When he got even with the wrecker he found out it was not moving, and when he passed by it he ran into the car and the cable. The wrecker was standing still with its bright lights burning in the northbound lane of the highway with a cable, about twice the size of a pencil, extending from it across the southbound travel lane and attached to the disabled vehicle. No flares were out and no warnings of any kind were given that a cable was extending across the southbound travel lane. Plaintiff suffered injuries in the collision.

Defendants' evidence tends to show that the wrecker had been there 5 or 10 minutes with its emergency lights burning, consisting of 2 large flasher lights on each front fender, a red revolving light on top with four flashing lights in it, 2 hundred watt back-up lights, flood lights and blinker lights on each side of the boom and 2 on the rear, and that the wrecker headlights were on dim. The vehicle plaintiff was riding in was going about 50 miles per hour; ran off the road,

hit a mail box and then crashed into the disabled vehicle without colliding with the wrecker.                                              ⁝

The issues of negligence and damages were submitted to the jury. The jury answered the issue of negligence in favor of the defendants. From the judgment entered upon the verdict, plaintiff assigned error and appealed to this Court.

*Silas B. Casey and Haworth, Riggs, Kuhn and Haworth by John Haworth for plaintiff appellant.*

*Perry C. Henson and Daniel W. Donahue for the defendant appellees.*

MALLARD, C.J.

[1] Plaintiff contends that the trial court committed error in leaving to the jury the question of whether the wrecker was parked or left standing on the highway in violation of G.S. 20-161. Plaintiff contends that the trial court should have instructed the jury as a matter of law that under all the facts in this case the wrecker was parked or left standing in violation of G.S. 20-161.

The pertinent parts of G.S. 20-161 read as follows:

"(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway:"

In the case of *Montford v. Gilbhaar,* 265 N.C. 389, 144 S.E. 2d 31 (1965), cited by appellant, it is said:

"Plaintiff's exception to the judgment of nonsuit was well taken. In our opinion the evidence that defendants left the wrecker standing on the highway in such manner that the wrecker and the cable attached blocked the entire highway, the existing circumstances affected visibility of the cable, and no meaningful warning was given that the highway was completely obstructed and traffic, to avoid collision, would have to come to a complete stop, makes out a *prima facie* case of actionable negligence on the part of defendants. G.S. 20-161."

[2] When a *prima facie* case is shown by the evidence or admission, the trial court, nothing else appearing, should submit the case to the jury. In the case of *Vance v. Guy,* 224 N.C. 607, 31 S.E. 2d 766 (1964), it is said:

"The defendants were not compelled to go forward or lose their case, simply upon a *prima facie* showing by the plaintiff. *Speas v. Bank,* 188 N.C., 524, 125 S.E., 398. A *'prima facie* case' means and means no more than evidence sufficient to justify, but not to compel an inference of liability, if the jury so find. It furnishes evidence to be weighed, but not necessarily to be accepted by the jury. It simply carries the case to the jury for determination, and no more."

**[1]** We are of the opinion and so hold that the evidence in this case required the submission of the case to the jury but did not establish as a matter of law that a violation of G.S. 20-161(a) and G.S. 20-161.1, if any, was a proximate cause of the collision, and the trial judge properly submitted to the jury the question of whether the wrecker was parked or left standing in violation of the statutes, and if so, whether such was a proximate cause of the collision. See *Saunders v. Warren,* 264 N.C. 200, 141 S.E. 2d 308 (1965); *Chandler v. Bottling Co.,* 257 N.C. 245, 125 S.E. 2d 584 (1962); *Pollock v. Chevrolet Co.,* 1 N.C. App. 377, 161 S.E. 2d 642 (1968).

**[3]** Plaintiff's last contention is that the trial court committed reversible error in instructing the jury as to the effect of G.S. 20-161.1 upon the conduct of the operator of the wrecker. G.S. 20-161.1 reads as follows:

"Regulation of night parking on highways. — No person parking or leaving standing a vehicle at night on a highway or on a side road entering into a highway shall permit the bright lights of said vehicle to continue burning when such lights face oncoming traffic."

Plaintiff alleged (1) the wrecker was parked and left standing without leaving at least 15 feet of clear and unobstructed width upon the main-traveled portion of the roadway in violation of G.S. 20-161; (2) the wrecker was parked and left standing at night on a public road with its bright lights burning in the face of oncoming traffic, thereby violating G.S. 20-161.1; and (3) there was failure to give adequate and reasonable warning to approaching traffic that the road was blocked, thereby violating the applicable common law duty.

The evidence was conflicting with respect to whether the bright lights were burning on the wrecker. Plaintiff's evidence tended to show that the wrecker's bright lights were burning and defendants' evidence tended to show that they were not. The evidence for the plaintiff tended to show that there were no lights on the wrecker other than the bright headlights. The defendants' evidence tended to show

that all of the emergency lights on the wrecker were burning and flashing, and the headlights were on dim. Plaintiff's evidence in this case also tended to show that the car in which she was riding was going about 30 miles per hour in a 35 mile per hour speed zone. Defendants' evidence tends to show that the Staples car was traveling at a speed of 50 miles per hour, and that before the collision it ran off onto the shoulder of the road, struck a mail box, struck the disabled vehicle of Goins and knocked it 25 or 30 feet and then continued on to the left side of the highway and struck a bank and stopped.

We have carefully examined the charge and all of the assignments of error and exceptions brought forward in plaintiff's brief and are of the opinion that no prejudicial error is made to appear.

Affirmed.

BRITT and PARKER, JJ., concur.