CATAWBA COUNTY HORSEMEN'S ASSN. v. DEAL

[107 N.C. App. 213 (1992)]

_____

CATAWBA COUNTY HORSEMEN'S ASSOCIATION, INC. (FORMERLY CIRCLE "J" SADDLE CLUB, INC.), PLAINTIFF v. HAROLD E. DEAL, ELBERTA R. GRAGG TEAGUE AND OPTIMIST CLUB OF ST. STEPHENS, DEFENDANTS

No. 9125SC659

(Filed 4 August 1992)

**Deeds § 20 (NCI4th)— inactive non-profit organization—transfer of land—validity of deed—authority to execute—hand drawn seal**

The trial court properly granted summary judgment for plaintiff in an action challenging the transfer of real property by an inactive non-profit organization where defendant offered, in opposition to plaintiff's motion for summary judgment, an affidavit relating that inquiries had been made of a caretaker and others but that no one could recount who the officers of plaintiff were or had been. That evidence was not competent to overcome plaintiff's motion for summary judgment and did not set forth specific facts showing the existence of a genuine issue for trial. Additionally, summary judgment was proper on the ground that the deed purporting to transfer the property was void ab initio because the people executing the deed,

the last recorded president and secretary of plaintiff, were not president and secretary at the time the deed was executed. Moreover, the corporate seal, which was clearly hand drawn, did not fall within the definition and intended meaning of N.C.G.S. § 55A-26.2(c).

**Am Jur 2d, Deeds §§ 105-108, 110-115.**

APPEAL by defendant Optimist Club of St. Stephens from order entered 25 March 1991 by *Judge Forrest A. Ferrell* in CATAWBA County Superior Court. Heard in the Court of Appeals 16 April 1992.

Plaintiff owned a tract of land by deed recorded in February 1968 in Deed Book 907, page 662 in the Office of the Register of Deeds of Catawba County. The property was used primarily for horse shows. Defendant Optimist Club of St. Stephens has a clubhouse and several baseball fields which are used for its youth programs and which lie adjacent to the land which is the subject matter of this action. Desiring additional land for its baseball fields and youth programs, defendant inquired as to the status of plaintiff organization and the land.

Defendant presented the affidavit of Bill Dellinger who stated that Max Townsend, who lived on the land and acted as caretaker, told defendant that plaintiff organization was not active and that it was becoming difficult for him to look after the property. According to Dellinger, Townsend also stated that he did not know who the current officers of plaintiff were. In an attempt to ascertain the identity of the current officers and directors, defendant re-searched plaintiff's records in the Catawba County Register of Deeds and discovered the last officers of record were Harold E. Deal, President, and Elberta R. Gragg (now Elberta Gragg Teague), Secretary.

Plaintiff submitted the affidavits of Harold Deal and Elberta Gragg Teague, the deed which purportedly transferred the property from plaintiff to defendant Optimist Club, and the minutes of the meetings of plaintiff organization from 11 January 1972 through 15 May 1990. These minutes indicate that meetings were held every year except 1988 and a board of directors was duly elected. Neither Mr. Deal nor Ms. Teague had been an officer or director since 1972, and their respective affidavits stated that they ceased being involved in plaintiff organization in 1978. Plaintiff's minutes of meetings also showed Max Townsend as vice-president in 1975,

as president in all years from 1976 until 1990, and Betty Townsend as secretary of plaintiff organization. Defendant did not challenge these minutes.

On 26 August 1989 a special meeting of plaintiff was held whereby Mr. Deal and Ms. Teague were purportedly authorized to execute a deed transferring the property to defendant on plaintiff's behalf. The minutes of this meeting indicated it was attended by Harold Deal, Elberta Gragg Teague, Kenneth Huffman, and Joe E. Huffman. There was no evidence that either Kenneth or Joe Huffman had previously ever attended a meeting of plaintiff organization or held a position as an officer or director.

On 29 August 1989 the deed conveying the subject property to defendant was executed and recorded. The deed was signed by Harold Deal as president and acknowledged by Elberta Gragg as secretary. While the deed recites that a valuable consideration was paid by the grantee, there is no evidence any money was paid. Additionally, no notary was present when the deed was signed. On 5 September 1989 Max Townsend attended defendant's board of directors' meeting and released the keys to the buildings on the subject property to defendant. Defendant gave Mr. Townsend a one year lease to remain on the property at no rent if he would continue to act as caretaker. Over the course of the following year, defendant expended approximately $25,000 for improvements to the land.

After learning of the conveyance, members of plaintiff organization held a meeting on 15 May 1990, during which they elected new officers and filled four vacancies on the board of directors. Shortly thereafter a board of directors meeting was held whereby the new president, officers, and board of directors were authorized to secure the services of an attorney to represent them and to demand that the property be reconveyed to the corporation and returned to its condition prior to transfer.

This action was initiated on 30 August 1990 upon defendant's failure to reconvey and restore plaintiff's property. Defendant counterclaimed. Subsequently, plaintiff's motion for summary judgment was granted and defendant's counterclaim was dismissed. Defendant now appeals.

CATAWBA COUNTY HORSEMEN'S ASSN. v. DEAL

[107 N.C. App. 213 (1992)]

*J. Carroll Abernethy, Jr. for plaintiff appellee.*

*Robbins and Hamby, P.A., by Donald T. Robbins and Dale L. Hamby, for defendant appellant.*

WALKER, Judge.

Defendant argues: (1) the trial court committed reversible error in granting plaintiff's motion for summary judgment because a genuine issue of material fact existed; (2) the trial court did not view the pleadings, discovery, affidavits and other papers submitted in the light most favorable to defendant when granting plaintiff's motion for summary judgment; and (3) the trial court erred in granting plaintiff's motion for summary judgment because it did not consider G.S. 55A-26.2(c). We find it expedient to consolidate these issues and to address solely the question of whether the trial court properly granted plaintiff's motion for summary judgment.

Rule 56 of the North Carolina Rules of Civil Procedure provides that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The movant has the burden of establishing a lack of any triable fact. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992); *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 329 S.E.2d 350 (1985).

> The movant may meet this burden by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.

*Roumillat v. Simplistic Enterprises, Inc.* at 63, 414 S.E.2d at 342, *quoting Collingwood v. G. E. Real Estate Equities*, 324 N.C. 63, 376 S.E.2d 425 (1989). In order to satisfy this burden "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." G.S. 1A-1, Rule 56(e). However, the trial court must draw all inferences of fact against the movant and

CATAWBA COUNTY HORSEMEN'S ASSN. v. DEAL

[107 N.C. App. 213 (1992)]

in favor of the nonmovant. *Collingwood v. G. E. Real Estate Equities* at 66, 376 S.E.2d at 427.

In opposition to plaintiff's motion for summary judgment defendant proffered, in addition to Bill Dellinger's affidavit, a copy of the Articles of Amendment to plaintiff's charter naming Harold Deal as president and Elberta Gragg as secretary, and the minutes of the special meeting called by "President Harold Deal" on 26 August 1989 purporting to authorize the conveyance. The relevant portions of Mr. Dellinger's affidavit stated that he had made several inquiries of Max Townsend and unnamed former members of plaintiff organization but that no one could recount who the officers of plaintiff were or had been. This evidence was not competent to overcome plaintiff's motion for summary judgment, however, and did not set forth specific facts showing the existence of a genuine issue for trial pursuant to Rule 56. We therefore agree with the trial court that summary judgment was proper. *See Speck v. North Carolina Dairy Foundation, Inc.,* 311 N.C. 679, 319 S.E.2d 139 (1984); *Morgan v. Musselwhite,* 101 N.C.App. 390, 399 S.E.2d 151, *disc. review denied,* 329 N.C. 498, 407 S.E.2d 536 (1991).

Additionally, we find summary judgment to have been proper on the ground that the deed of 14 August 1989 was void *ab initio.* Defendant contends in its brief that plaintiff is a non-profit organization governed by Chapter 55A of the North Carolina General Statutes. Plaintiff does not dispute this assertion. The relevant statute, G.S. 55A-43, thereby provides:

> (b) [The] sale, lease, exchange or other disposition of all, or substantially all, the property and assets of a corporation may be made upon such terms and conditions and for such consideration. . . as may be authorized in the following manner:
>
> > (1) Where there are members having voting rights, the board of directors shall adopt a resolution recommending such sale, lease, exchange or other disposition and directing that it be submitted to a vote at a meeting of members having voting rights.
> >
> > (2) Where there are no members, or no members having voting rights, a sale, lease exchange or other disposition of all, or substantially all, the property and assets of a corporation shall be authorized upon receiving the vote of a majority of the directors in office.

Defendant argues it duly acquired the subject property since Mr. Deal and Ms. Teague, the last recorded president and secretary of plaintiff, signed the deed transferring the property to defendant in their capacities as president and secretary after notice of a special meeting was given. We cannot agree with defendant and uphold the transaction as having been authorized by the board of directors or members of plaintiff organization since at the time the deed was executed Mr. Deal was not president and Ms. Teague was not secretary, as is evidenced by the corporate minutes. Thus, Mr. Deal and Ms. Teague signed the deed without the authorization necessary under G.S. 55A-43 to effectuate the conveyance of the corporate real property and the deed was void *ab initio*.

Insofar as a corporate seal was affixed to the deed, defendant argues it has established a *prima facie* case entitling it to a jury determination on the merits and summary judgment was improper. *M. B. Haynes Electric Corp. v. Justice Aero Co.*, 263 N.C. 437, 139 S.E.2d 682 (1965); *Staples v. Carter*, 5 N.C.App. 264, 168 S.E.2d 240 (1969). G.S. 55A-26.2 states in pertinent part:

(c) Deeds . . . and other instruments purporting to be executed, heretofore or hereafter, by a corporation, foreign or domestic, and bearing a seal which purports to be the corporate seal, setting forth the name of the corporation engraved, lithographed, printed, stamped, impressed upon, or otherwise affixed to the instrument, are prima facie evidence that the seal is the duly adopted corporate seal of the corporation, that it has been affixed as such by a person duly authorized to do so, that such instrument was duly executed and signed by persons who were officers or agents of the corporation acting by authority duly given by the board of directors, that any such instrument is the act of the corporation, and shall be admissible in evidence without further proof of execution.

We cannot conclude that the corporate seal in question, which was clearly hand-drawn, falls within the definition and intended meaning of G.S. 55A-26.2(c). For the foregoing reasons, the trial court properly granted summary judgment for the plaintiff and dismissed defendant's counterclaim.

Affirmed.

Judges LEWIS and WYNN concur.